ABRAHAM WEINSTEIN, Plaintiff, *v.* DAVID HELFENBERG, Defendant.

(County Court, Kings County, November, 1912.)

**County Court — jurisdiction — actions — counterclaim affecting.**

> Where the complaint in a County Court action to recover a sum of money only demands judgment for a sum not exceeding $2,000, the court has jurisdiction to try the action and render judgment upon defendant's counterclaim irrespective of its amount

DEMURRER to counterclaim.

Frank Weinstein, for plaintiff.

Israel H. Perkins, for defendant.

DIKE, J.   A demurrer is interposed here to the counterclaim contained in the amended answer of the defendant. The first ground of demurrer is that the court has not jurisdiction of the subject thereof.

The amended answer sets forth by way of counterclaim that the defendant has performed all acts properly to be performed by him under the alleged contract in question, but that owing to certain acts of the plaintiff the defendant has been damaged in the sum of $8,000 and asks that the complaint be dismissed and for judgment in his favor for that amount.

The jurisdiction of the county court in actions for the recovery of a sum of money only is limited by section 14 of article VI of the Constitution and section 340 of the Code of Civil Procedure to actions in which the complaint demands judgment for a sum not exceeding $2,000. There seems to have been certain doubt as to whether the court would have jurisdiction to pass upon a counterclaim, as in the case at bar, exceeding on its face the $2,000 limitation fixed by the Constitution and the Code. Having obtained jurisdiction under the complaint, and all the parties being

before the court, it would seem, to my mind, a grievous burden that a defendant could not avail himself of a counterclaim under such conditions, and that the entire controversy should not be settled and adjusted at that time. The limitation is upon the amount in the complaint; there is no limitation as to what may be counterclaimed in the answer. That such a practice should obtain, seems to me eminently proper. It is along the lines of economy to litigants as well as a means of speedy adjustment of differences at one time. Nor am I able to see, in view of the decision in the case of Howard Iron Works v. Buffalo Elevating Co., 176 N. Y. 1, how there can be any further doubt.

The demurrer is, therefore, overruled, with costs.

Demurrer overruled, with costs.