ISIDOR TURK, Landlord, Respondent, *v.* B. JAKOBSONS & SON, INC., Tenant, Appellant.

Supreme Court, Appellate Term, First Department, October 24, 1946.

*Sidney Roffman* for appellant.
*Maxwell Wiesenthal* for respondent.

EDER, J. The petition contains an allegation that respondent is the landlord; that he rented the described premises to the tenant; that the term of the tenancy has expired and that the tenant holds over and continues in possession, after such expiration, without the landlord's permission. It alleges, also, that respondent is engaged in the fur business and desires the space occupied by the tenant for his own use; that he is the sole owner of his own business, and, further: " That the right of ISIDOR TURK to occupy the said premises, is in conformance with the requirements of the Commercial Rent act and amendments thereto, and that there has been full compliance with the provisions of said enactment."

This is, obviously a conclusory allegation and insufficient, and fatally defective. One of the requirements of the Commercial Rent Law (L. 1945, ch. 3, § 8, subd. [d], as amd. by L. 1946, ch. 272) is that the landlord shall have an equity in the property of not less than 25% of the purchase price.

We have held that this is a jurisdictional requirement and that it must appear on the face of the petition (*Shelton Management Corp.* v. *Rosenkrantz*, 184 Misc. 355; *Gilroy* v. *Becker*, 186 Misc. 93), and that in the absence thereof no jurisdiction is conferred on the court to entertain the summary proceeding (*Shelton* case, *supra*, p. 356; *Gilroy* case, *supra*, p. 95).

It also appears from the testimony of the respondent that he never had any proprietary interest in the building, that he never owned it, but was merely a tenant in the building who had sublet a portion of his premises to the appellant.

We held in *Trade Accessories* v. *Bellet* (184 Misc. 962) that a mere lessee does not come within the category of a " landlord ".

It is thus apparent that the court below did not acquire jurisdiction for this reason also.

In awarding a final order to the respondent, the court below said: " I find in this proceeding that the landlord is entitled to a final order. I base that on the fact that this proceeding is a verified proceeding. The petition of the landlord is verified. The tenant interposes an unverified answer and on that the landlord is entitled to a final order from the beginning."

There is no warrant in law for this finding and it is clearly erroneous. In a summary proceeding in the Municipal Court of the City of New York the answer to the petition may be either oral or written (Civ. Prac. Act, § 1425). A comparison of this section with section 2244 of the Code of Civil Procedure, the predecessor of section 1425, shows clearly that the former requirement that a written verified answer must be filed was

done away with, and it is now optional with the tenant or person in possession or claiming possession to file an oral or written unverified answer.

Chapter 639 of the Laws of 1919 amended section 2244; the words "answer, orally or in writing" were *substituted* for the words "file with the judge or justice who issued the precept, or with the clerk of the court, a written answer, verified in like manner as a verified answer in an action in the supreme court."

The tenant moved to dismiss the petition as being jurisdictionally defective for the reasons heretofore stated; the motion was denied; this was error. The motion should have been granted and the petition and proceeding dismissed.

The appellant urges that in addition to reversing the final order we should direct a final order in favor of the tenant awarding him a judgment on his counterclaim against the respondent, and that the court below erred in dismissing it, without prejudice, as he established his right to recover the sum of $440.

The dismissal of the counterclaim, without prejudice, appears to have been based upon the ground that there was a failure of proof by the tenant, though it is not so expressly stated.

However, I am of opinion that the dismissal of the counterclaim must be upheld, but for the reason currently assigned.

The right to interpose a counterclaim is dependent upon the court having acquired jurisdiction of the action; it necessarily presupposes jurisdiction in the court to entertain the action in which the counterclaim is pleaded and thus try out and dispose of the entire dispute between the parties. But where jurisdiction never attaches, it is without power to act over the controversy, other than to dismiss the action. In other words, it is only after jurisdiction of a cause of action has once been acquired that jurisdiction exists to entertain and dispose of the counterclaim (*Howard Iron Works* v. *Buffalo Elevating Co.,* 176 N. Y. 1; *Matter of Byrne* v. *Padden,* 248 N. Y. 243, 247; *Weinstein* v. *Helfenberg,* 78 Misc. 190).

As the court below did not acquire jurisdiction, it was without power to entertain and pass upon the counterclaim and a dismissal thereof was a correct disposition.

The final order should be reversed, with $30 costs, and petition dismissed, with costs, without prejudice to the counterclaim.

McLAUGHLIN and HECHT, JJ. concur.

Order reversed, etc.