In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Petitioners, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the County of Delaware, for the Purpose of Providing Additional Water for the City of New York. [East Delaware Riparian Sections 1 and 2.] HERMAN E. GOTTFRIED, Respondent.

Third Department, July 11, 1956.

*Peter Campbell Brown, Corporation Counsel,* for petitioners.

*A. E. Gold* for respondent.

*Per Curiam.* The petitioners have applied for an order disqualifying Herman E. Gottfried, an attorney and counselor at law, from representing claimants against the City of New York in the above-entitled proceeding.

The attorney was formerly an assistant counsel of the City of New York and in 1946 was assigned to the division of water supply located at Kingston, and in the same year was designated as counsel in charge of that division and served in that capacity until March 1, 1950 when he resigned to engage in private practice, then opening an office at Margaretville in Delaware County. The division performs the legal work necessary to the acquisition of lands and rights to be used in providing an additional supply of water for the City of New York which, of course, includes the determination, in condemnation proceedings or otherwise, of the compensation to be paid.

The so-called Delaware project embraces several phases or stages in the acquisition of such lands and rights. One stage involved fee takings on the east branch of the Delaware River, at and above the proposed dam site, and the proceedings therefor were commenced in 1947 while Mr. Gottfried was in charge of the division. The instant proceeding relates to riparian damage claims at and below the dam site, and was commenced in November, 1954 some years after Mr. Gottfried's resignation of his public office. The petitioners contend that there is a substantial relationship between the fee takings and the proceedings with respect to riparian damage claims. The petitioners also argue that these riparian damage claims are related to comparable claims of that nature defended by Mr. Gottfried in connection with another project. Mr. Gottfried appeared for various claimants at the time of the institution of the instant riparian damage proceeding. Thereafter, he participated in various steps taken in the proceeding and the claims were finally set down for hearing in July and August, 1956. The order to show cause upon this application to disqualify the attorney was obtained on May 25, 1956 and was returnable on June 13, 1956.

We believe that this application should have been made at Special Term. This is not an application for the institution of a disciplinary proceeding under section 90 of the Judiciary Law, although reference is made to that section in the brief of the petitioners and some of the matters referred to may be made the basis of charges in a disciplinary proceeding. The court of original jurisdiction in which the proceeding is pending has inherent power to disqualify an attorney for a party upon a finding that it is improper for him to represent the litigant or to participate in the proceeding.

The application was made to this court, instead of Special Term, upon the purported authority of *Erie County Water Auth.* v. *Western N. Y. Water Co.* (304 N. Y. 342). As we read that case, it is not in conflict with the views here expressed. The moving party in that case was not, as here, a former client of the attorney whose disqualification was sought. Furthermore, the application, as construed by the Court of Appeals, was not an application to disqualify the attorney in the particular proceeding, but was an application for the imposition of discipline under section 90 of the Judiciary Law and, as such, it was held not to be cognizable by the County Court where the proceeding was pending, but to be solely within the jurisdiction of the Appellate Division.

Where the determination of the application for disqualification may turn upon questions of fact, it is especially appropriate that the application should be made in the court in which the proceeding is pending. The question of whether the proceeding in which the attorney appears for claimants against the City of New York bears a substantial relationship to the proceedings in which he appeared on behalf of the City is a question of fact which can be resolved only upon a plenary inquiry. Furthermore, there is a factual question as to whether the application for disqualification may not be barred by laches under the circumstances as they may be developed at Special Term. We, of course, express no views upon either of those questions.

Insofar as a disciplinary proceeding is concerned, laches or waiver on the part of a private litigant is, of course, of no consequence. But, upon an application by a litigant to disqualify the attorney for his adversary, as distinguished from a disciplinary proceeding, laches may properly be taken into account, at least in a case in which it does not appear that the use by the attorney of any confidential information is involved.

There are implications arising both from the argument advanced in this court by the petitioners and from the record itself which suggest that petitioners are of the opinion that

charges falling within section 90 of the Judiciary Law would be warranted. We do not consider that such charges have been made or are presently before us; and on that aspect of the case the denial of the motion must be deemed to be without prejudice to such further proceedings here as petitioners may be advised.

The motion should be denied, without costs, and without prejudice to petitioners' right to move at Special Term for the disqualification of the claimants' attorney and without prejudice, also, to petitioners' right to submit to this court such charges in a disciplinary proceeding as they may be advised.

BERGAN, J. P., COON, HALPERN, ZELLER and GIBSON, JJ., concur.

Motion denied, without costs, and without prejudice to petitioners' right to move at Special Term for disqualification of the claimants' attorney and without prejudice, also, to petitioners' right to submit to this court such charges in a disciplinary proceeding as they may be advised.