MARY GIANNINI, Respondent, v. CYNTHIA STUART, Appellant.

First Department, October 21, 1958.

*Robert H. Silk* of counsel (*Edward Raff,* attorney), for appellant.

*Milton Gelman* of counsel (*I. William Garfield,* attorney), for respondent.

*Per Curiam.* In this holdover proceeding, the Appellate Term affirmed a final order in favor of the landlord.

Two prime questions are posed. The first is whether the petition is jurisdictionally defective; the second, whether a "Landlord's Report on Statutory Decontrol" filed with the Rent Commission is sufficient to establish that the premises are in fact decontrolled. These will be considered in inverse order.

The landlord's claim that the premises are decontrolled rests upon her assertion that she occupied the apartment continuously for a period of two years after April 1, 1953 (see State Residential Rent Law, § 2; L. 1946, ch. 274, as amd.; State Rent and Eviction Regulations, § 9, subd. 11).

The only proof offered and received in evidence on the trial, to establish that the landlord had in fact occupied the premises, was an unverified form entitled, "Landlord's Report on Statutory Decontrol", stamped to indicate that it had been filed in the office of the Local Rent Administrator. The sole witness for the landlord, her agent, testified that the owner's principal residence was in Brooklyn and that part of the time she resided in Otisville, New York. There was no testimony that the landlord actually occupied the apartment and an attempt to offer hearsay on the subject was properly rejected by the trial court. The report is signed by the landlord's agent, who, as indicated herein, had no personal knowledge of the facts. Although it was filed in the office of the Local Rent Administrator pursuant to the State Rent and Eviction Regulations (§ 42), the report cannot, under any circumstances, be construed to be an order or a certificate issued by the Rent Commission entitled to be considered self-

proving as authorized by the Civil Practice Act. Actually, it is nothing more than a self-serving declaration. The trial court in admitting the document stated, "I am taking it at its full face value." We must conclude that the final order in favor of the landlord was granted upon a finding that this exhibit, without more, established the fact of decontrol.

Since section 42 directs the filing of the report, it was properly received in evidence as proof of compliance with the regulations, although it is not essential to prove the owner's right to possession. It cannot, however, serve as a substitute for the proof required to establish owner-occupancy for the period mandated by the statute. As the record stands, there is no evidence from which a finding could have been made that the apartment in question was continuously occupied by the landlord for a period of at least two years. Thus, if there were no other problem in the case, a reversal and a new trial would be required.

The petition upon which the landlord predicates her right to possession of the premises states "That the premises herein are decontrolled."

The Civil Practice Act (§ 1415) provides that a petition must be presented, "stating the facts which * * * authorize the application by the petitioner and the removal of the person in possession". The requirement is particularly applicable in all eviction proceedings based upon an allegation of decontrol, for decontrol may rest upon any one of several statutorily specified conditions. A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met. The allegation in the petition is a bare conclusion and it follows that the pleading is jurisdictionally defective and must be dismissed. (*Matter of Tothill,* 272 App. Div. 786; *Carbonelli* v. *Bremer,* 186 Misc. 348; *Turk* v. *Jakobsons & Son,* 188 Misc. 203.)

The determination of the Appellate Term and the final order of the Municipal Court should be reversed and the petition dismissed on the law, without costs.

BOTEIN, P. J., BREITEL, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Determination of the Appellate Term appealed from and the final order of the Municipal Court unanimously reversed and the petition is dismissed, on the law, without costs.