Per Curiam.

Respondent-appellant vacated the subject premises on June 30, 1971, while this appeal was pending and while an order of the Appellate Term, dated April 7,1971, staying the enforcement of the final judgment pending determination of this appeal, was in effect. Consequently, insofar as the appeal is from that portion of the final judgment awarding* possession of the premises to the petitioner, it has been rendered academic. Appellant argues that the judgment is improper because of the absence of findings of fact and the rendering of a decision which omits to state the facts essential to the court’s determination (see CPLR 4213, subd. [b]). Where the record appears complete, as is the record herein, this court may make the requisite findings in the exercise of its discretion (Mellon v. Street, 23 A D 2d 210, 211 [3d Dept., 1965]; Phelps v. State Mut. Life Assur. Co., 10 AD 2d60, 63-64 [4th Dept., 1960]).
Paragraph (a) of amendment Fifth to the co-operative plan did not effectuate an extension of the appellant’s lease. Since appellant remained in possession of the subject premises after the expiration of the term of his lease on September 30, 1969, and since the landlord accepted rent subsequent to the expiration of the term, the tenancy created was one from month to month (Real Property Law, § 232-c). Accordingly, for that period of time in which appellant was in occupancy of the subject premises subsequent to September 30, 1969 (up until he vacated the premises), he was a month-to-month tenant required to pay rental in the amount fixed in his lease, to wit $295 monthly, and not $324.50 monthly for use and occupation.
Another aspect of the proceeding requires scrutiny. As the court below did not have jurisdiction to entertain the proceeding because of the failure to allege and prove service of the 30-day notice, was the dismissal of the counterclaims on the merits *754 at the end of appellant’s case proper? Section 743 of the Real Property Actions and Proceedings Law specifically provides that an answer in a summary proceeding may contain any legal or equitable defenses or counterclaims. CPLR 3019 (subd. [d]) statesA cause of action contained in a counterclaim or a cross-claim shall be treated, as far as practicable, as if it were contained in a complaint ’ ’. Clearly the amounts sought by appellant in his counterclaims in the proceeding could have been independently asserted in the Civil Court. Reason dictates that only where the counterclaim exceeds jurisdictional limitations should the failure to acquire jurisdiction in the initial action compel dismissal of the counterclaim without prejudice. However, where the counterclaim is otherwise properly assertable and maintainable in the court of limited jurisdiction, the dismissal of the action on jurisdictional grounds should not automatically result in dismissal of the counterclaim (cf. Turk v. Jakobsons & Son, 188 Misc. 203; see, also, Howard Iron Works v. Buffalo Elevating Co., 176 N. Y. 1; Matter of Byrne v. Padden, 248 N. Y. 243, 247; Weinstein v. Helfenberg, 78 Misc. 190). As aptly noted in Great Park Corp. v. Goldberger (41 Misc 2d 988, 989): “ The only argument in favor of the trial of counterclaims along with the summary proceeding is that multiplicity of trials are avoided; but this is far outweighed by the desire for a speedy disposition of landlord and tenant matters. ’ ’ Where the counterclaim has nothing whatever to do with the issue of whether the landlord is entitled to immediate possession in a holdover proceeding, prudence impels the severance of the counterclaims. However, under the circumstances presented on the record herein, the decision by the trial court to entertain the counterclaims cannot be held to he an abuse of discretion.
Accordingly the order striking the respondent’s demand for a jury is affirmed, and the judgment should be modified only to the extent of reducing the amount of the monthly rental due from appellant to the petitioner under the judgment from $324.50 to $295, and directing that any monthly rental in excess of $295 which appellant paid to the petitioner pursuant to the judgment be remitted by the petitioner to appellant within 10 days after service of a copy of the order to be entered hereon, and, as modified, the final judgment should be affirmed without costs. Order entered March 25,1971, modified accordingly.
Concur — Gold, J. P., Quim and Ltjpiano, JJ.
Order affirmed, etc.