Per Curiam.

The record contains ample evidence to support the Trial Judge’s determination that the patrolmen had probable cause to arrest the defendant for a traffic infraction, since he allegedly attempted to flee when the officers requested his license and registration (Vehicle and Traffic Law, § 155; § 401, subd. 4). However the Trial Judge should also have passed, but failed to pass, upon the question of whether the patrolmen had probable cause to arrest the defendant for criminal possession of a forged instrument in the second degree, a class D felony (Penal Law, § 170.25). Since the Judge (People v. Kelly, 77 Misc 2d 264, 267) placed credence in the patrolmen’s testimony, this tribunal will now make those findings which should have been made below on this issue (People v. Brown, 33 A D 2d 735; Bonner v. Nash, 70 Misc 2d 752, 753).
*536 In summarizing police officer Scanlon’s testimony in his decision (People v. Kelly, supra, p. 265), the trial court incorrectly stated that the patrolmen discovered the ‘ ‘ forged license ” and the “ suspended license ” through a search of defendant’s person in the parking lot after his arrest for the traffic infraction. Scanlon actually testified that, after the defendant’s attempted escape, the patrolmen again requested his license and registration. When the defendant produced a license with “type” different from that normally used by the Department of Motor Vehicles, the patrolmen had probable cause to arrest him for the felony of possessing a forged instrument in the second degree (Penal Law, § 170.25). The subsequent search of defendant’s person in the station house was thus authorized as incident to a lawful arrest for a felony, and for that reason, the narcotics should not have been suppressed (see People v. Smith, 62 Misc 2d 473, 476; see, also, People v. Hatch, 25 A D 2d 606).
The rule in People v. Marsh (20 N Y 2d 98), which prohibits a full search by the police after a motorist has been arrested for a traffic infraction, is not controlling, since the defendant was lawfully arrested for the commission of a felony (see People v. Smith, supra).
Order modified on the law and facts by reversing so much thereof as suppressed the dangerous drugs, and denying the motion to suppress the evidence.
Concur: Dudley, J. P., Quinn and Fine, JJ.