■ MARGARET E. MAGJUKA, as Executrix of JOHN J. MAGJUKA, Deceased, Respondent, v. MONROE GREENBERGER et al., Defendants, and JOSEPH A. TRUNFIO, Appellant.— Order, Supreme Court, New York County, entered on or about September 7, 1973, denying the motion of defendant Trunfio to disqualify plaintiff's attorneys, unanimously affirmed, without costs and without disbursements. The instant appeal is intimately related to a companion appeal, decided simultaneously herewith, in which we unanimously affirmed a judgment in favor of plaintiff against defendant-appellant Trunfino and others, after a jury trial. (See *Magjuka* v. *Greenberger,* 46 A D 2d —.) Shortly before commencement of the trial, appellant sought disqualification of plaintiff's counsel in this malpractice case on the ground that Trunfino's former attorney Bernard Turkewitz, was now associated with said law firm. Special Term denied the application and fixed a trial date. The problems engendered by the dissolution of Mr. Turkewitz's law firm and his subsequent employment by the firm of attorneys representing plaintiff, have recently received judicial attention. (See *Rotante* v. *Lawrence Hosp.,* 46 A D 2d 199; *Kaye* v. *Jamaica Hosp.,* — A D 2d —; *Edelman* v. *Levy,* 42 A D 2d 758.) Concededly, in each of the above-cited cases, the motion to disqualify was granted. However, in the instant case, unlike the others, the denial of the application is being reviewed after a full trial and simultaneously with a review of the judgment entered thereon. In *Rotante* (*supra*) and *Edelman* (*supra*) the court was concerned, and correctly so, with the appearance, if not the fact, of a conflict of interest. The trial has now been concluded. We have neither found nor been referred to any prejudicial disclosure imparted as a result of the previous relationship between appellant and Mr. Turkewitz. Moreover, reversal of the instant order will also necessitate a reversal of the judgment. Upon a retrial, whatever improper disclosures may appear in the trial record (despite our above-noted inability to find any) would be available to new counsel for plaintiff. As we indicated in *Rotante* (*supra*) each case involving Mr. Turkewitz will have to be decided "on a case-to-case basis". Under the circumstances of this case, we affirm the denial of the application. Concur — Nunez, J. P., Murphy, Capozzoli and Lane, JJ.