Bentley Kassal, J.
Respondent moves to dismiss this nonpayment summary proceeding for lack of subject matter jurisdiction on the ground that the petition fails to state the facts upon which the proceeding is based, specifically why the premises are not subject to rent control or rent stabilization regulations.
The printed form petition states that "the premises are not subject to rent control because the premises are a hotel and this room is not under rent control. ” (The italicized portion is typed in.) Other alternative allegations printed on the form with respect to the Rent Stabilization Law of 1969 (Local Laws, 1969, No. 16 of City of New York), or the Emergency Tenant Protection Act of 1974 (L 1974, ch 576), are not checked in the appropriate boxes, nor are there any allegations typed in with respect to the status of the premises under these two laws.
On oral argument, the landlord’s attorney contended that the allegations, as they appear on the petition were sufficient to put the tenant on notice and any further specificity would be required only as proof on trial.
I disagree. As stated in Giannini v Stuart (6 AD2d 418, 420) "A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met.”
This requirement is particularly applicable when it is claimed that the premises are not subject to statutory regulation, since exemption or decontrol may rest upon any of several specified conditions Giannini v Stuart (supra).
The allegation herein presents two initial questions: Were the premises at one time controlled and then decontrolled or were they never controlled? Either alternative presents further questions.
The mere allegation that "the premises are a hotel” does *97 not mean, in fact, that they are exempt from rent control (Administrative Code of City of New York, § Y51-3.0, subd e; New York City Rent, Eviction and Rehabilitation Regulations, § 2, subd e; § 3, subd d) or rent stabilization (Administrative Code, § YY51-3.0, subd a, par [1]). Thus, an allegation as to the specific grounds for initial exemption or exclusion would be required.
Similarly, an allegation that the premises were decontrolled raises questions as to the grounds for decontrol. (Giannini v Stuart, supra.) This is especially true since the Emergency Tenant Protection Act of 1974 (L 1974, ch 576) now governs most housing accommodations vacated on or after July 1, 1971, and an allegation as to whether the premises are subject to regulations under that law is required. (353 Realty Corp. v Disla, 81 Misc 2d 68.)
Clearly the respondent must be apprised on which of the above bases petitioner relies.
The principal contention on which petitioner opposes the requirement of such pleading is that the "Blumberg” form does not enable him to use any of the printed alternative allegations under the facts of this proceeding. The fact that there is no boilerplate allegation offered by the Blumberg form or even the official form of the Civil Court (22 NYCRR 2900.21 [e]) does not relieve petitioner of the obligation to present a concise statement of such facts. (353 Realty Corp. v Disla, supra.) Petitioner must insert such an allegation, whether it be typed or otherwise.
Without an explanation of the facts underlying the statement that "this room is not under rent control”, the allegation is a bare conclusion, and, therefore, the petition must be dismissed as being jurisdictionally defective.