■ WALTER G. STACKLER et al., Appellants, v TOWN OF OYSTER BAY et al., Respondents.—In an action for a declaratory judgment, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, dated December 19, 1975, which, after a nonjury trial, declared that the zoning ordinance of the Town of Oyster Bay was valid and constitutional as applied to plaintiffs' properties. Judgment affirmed, with costs. Special Term properly found that the zoning ordinance was constitutional as applied to plaintiffs' properties. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ THOMAS SUPPLY & EQUIPMENT COMPANY LIMITED, Respondent, v WHITE FATHERS OF AFRICA, INC., Appellant.—In an action *inter alia* to recover damages for fraud, defendant appeals from an order of the Supreme Court, Kings County, dated December 17, 1975, which denied its motion to disqualify plaintiff's counsel. Order affirmed, with $50 costs and disbursements. While plaintiff's attorney should not have undertaken the representation of the plaintiff in the first instance (see *Rotante v Lawrence Hosp.*, 46 AD2d 199; *Emle Ind. v Patentex, Inc.*, 478 F2d 562), defendant's inordinate delay in seeking the disqualification of the attorney bars it from obtaining that relief. To grant the application now would only serve to delay the litigation on the very eve of trial (cf. *Magjuka v Greenberger*, 46 AD2d 867; *Matter of Huie [Gottfried]*, 2 AD2d 163, 165). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ TOWN OF CLARKSTOWN, Respondent, v COUNTY OF ROCKLAND, Appellant, et al., Defendant.—In an action *inter alia* on a contract, defendant County of Rockland appeals from so much of an order of the Supreme Court, Rockland County, dated August 4, 1975, as denied the branch of defendants' motion which sought dismissal of the complaint as against it. Order affirmed insofar as appealed from, without costs or disbursements. In our view, the Special Term was correct in determining that factual issues were present which precluded the granting of the motion to dismiss as against the county. Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.