OPINION OF THE COURT
Michael Wollin, J.
Motions numbered 147 up to and including 173 which appeared on the Motion Calendar, Part 35, of this court on March 1, 1979 are hereby consolidated for disposition.
*1096 In these summary proceedings, respondents move for an order dismissing the petitions on the grounds: (1) failure to register managing agent with the Office of Code Enforcement; (2) failure to allege compliance with warranty of habitability.
During oral argument objection to the registration was withdrawn without prejudice with the right to renew at trial if petitioners lack evidentiary proof of compliance (Multiple Dwelling Law, § 325).
Summary proceedings are governed by article 7 of the Real Property Actions and Proceedings Law, and the contents of the petition are particularized in section 741 and in Civil Court of the City of New York Rules of Practice (22 NYCRR 2900.21 [e], [f]). The allegation of warranty of habitability is not a requirement of the aforesaid sections.
Respondents urge that section 235-b of the Real Property Law supports their contentions. Subdivision 1 of section 235-b in part states as follows: "[i]n every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety.”
The very language of the statute negates the rationale of the respondents. The statute specifically states that "the landlord or lessor shall be deemed to covenant and warrant that the premises * * * are fit for human habitation”. The use of the word "deemed” merely reasserted that which had been extant in residential rental agreements. It did not procreate a fatal jurisdictional defect in the petition but rather recreated a statutory defense to be pleaded.
There is absolutely nothing in said section mandating the change in the contents of the petition. If the Legislature intended to effect the requirements it would have been an addendum to section 741 of the Real Property Actions and Proceedings Law.
To accept the postulation of the respondents would inferentially lend credence to further argue, present a lease, that the petitions should adopt allegations of absence of unconscionability (Real Property Law, § 235-c) and allegations that the *1097 print of the lease is clear and legible and of proper depth (CPLR 4544), ad infinitum.
It was the intendment of the CPLR, effective September 1, 1963, of like date as the Real Property Actions and Proceedings Law to liberalize pleadings and eliminate clogged calendars, rather than to impede dispositions of litigations. (CPLR 103, subd [c], 2001; 3026.)
Parenthetically, the notices of motions fail to disclose the grounds for dismissing the petitions and the supporting affidavits allege "lack of subject matter jurisdiction”.
Apparently, the movants are proceeding pursuant to CPLR 3211 (subd [a], par 2) which is erroneous. It cannot be gainsaid that the court has jurisdiction of the subject matter but perhaps CPLR 3211 (subd [a], par 7) was intended.
Adjectively, the movants should have served their answers with their motions returnable for the same day and upon denial proceeded to trial forthwith. To do otherwise is to unduly burden the court and personnel and delay the summary proceedings.
The court does not believe it is juridically sound to dismiss volumes of summary proceedings predicated on technical grounds, unless statutorily mandated, in light of the several hundred thousands of proceedings yearly instituted in the city with a limited and overburdened clerical staff questing for precious space.
Sua sponte, the court amends the petitions to include rent for March, 1979.
Motions denied, answers to be served on petitioners and filed with the clerk of the court on or before March 13, 1979, and trial set for March 16, 1979, peremptorily against the respondents.