■ MANUFACTURERS HANOVER TRUST COMPANY, Respondent, v ARMAND LINDENBAUM et al., Appellants, et al., Defendants.—Orders, Supreme Court,

New York County, entered on January 30, 1979 and June 8, 1979, respectively, affirmed for the reasons stated by Gabel, J., at Trial Term, without costs and without disbursements. Concur—Birns, Fein and Bloom, JJ.

Murphy, P. J., and Kupferman, J., dissent in a memorandum by Kupferman, J., as follows: The motion to disqualify a party's chosen counsel has been said to be a drastic step which should be avoided, if possible. *(Ross v Great Atlantic & Pacific Tea Co.,* 447 F Supp 406.) Louis Fieland, defendants-appellants' counsel, is in an "of counsel" relationship to a law firm, which has a member who, plaintiff-respondent asserts, is one who "ought" to be a witness at trial. Although this relationship may literally satisfy DR 5-101 (subd B) and DR 5-102 (subd A), as they are currently written, the Disciplinary Rules are not, and should not be, per se mandates calling for literal application. *(Matter of Weinstock,* 40 NY2d 1, 6; *Ross v Great Atlantic & Pacific Tea Co., supra,* p 409; *Foley & Co. v Vanderbilt,* 523 F2d 1357, 1359-1360, Gurfein, J., concurring.) It is especially noteworthy in this regard that the court below expressed great regret in granting disqualification, because the Justice could not discern any possible serious prejudice to the parties or the judicial process by Mr. Fieland's continued representation. The purpose of the Disciplinary Rules is to "insure a proper representation of the parties and fairness in the conduct of the litigation" *(Renault, Inc. v Auto Import,* 19 AD2d 814) and, unless the "appearance of impropriety" would affect the outcome of the trial, there should be reluctance to disqualify. *(Board of Educ. v Nyquist,* 590 F2d 1241.) Also to be considered are the increasingly important needs of efficient judicial administration. (See *Ross v Great Atlantic & Pacific Tea Co., supra.)* Although the defense of laches has been held not to apply to motions to disqualify, inasmuch as it is the public interest that is being protected *(Grossman v Commercial Capital Corp.,* 59 AD2d 850; *Emle Inds. v Patentex,* 478 F2d 562; *United States ex rel. Sheldon Elevator Co. v Blackhawk Heating & Plumbing Co.,* 423 F Supp 486), it is proper to consider the movant's delay in gauging the tactical motivations behind the motion, as well as assessing the hardship which would attend a grant of the motion at this late date. *(Foley & Co. v Vanderbilt, supra,* pp 1359-1360, Gurfein, J., concurring.) The instant case had been on the Trial Calendar for the third time and marked ready by all the parties when this motion was made. Considering the length of time respondent was on notice of the relationship it now finds repugnant, it can be inferred that this is a time tactic or ploy. (Cf. *Thomas Supply & Equip. Co. v White Fathers of Africa,* 53 AD2d 607; see Kupferman, The Unfortunate Lawyer, 22 The Advocate 71, Bronx County Bar Assn.) In view of the foregoing, and bearing in mind the valued right to counsel of choice, the hardship of obtaining new counsel in a not uncomplicated case with the attendant time delays, and because there are several remedial protective steps the trial court could take, as suggested by the Trial Judge herself, all weighed against the questionable benefit to plaintiff-appellant or to the integrity of the Bar itself, we would reverse, on the facts and as a matter of discretion.