OPINION OF THE COURT

Per Curiam.

Order dated May 18,1982 is reversed, without costs; the petition is reinstated.
This is one of 10 nonpayment proceedings dismissed by the court below — notwithstanding tenants’ default in these 10 proceedings — upon the grounds, inter alia, that the respective petitions failed to state that the respective landlords had complied with the warranty of habitability and that the court’s video printout monitor revealed that as of certain dates prior to the date of the court’s dismissal of the respective petitions, there were numerous violations of the Housing Code charged against the respective buildings. In several of these proceedings, including the instant *1048 proceeding, the court utilized as a further basis for dismissing the petitions, certain discrepancies between factual allegations in the petitions and information appearing on the court’s video printout monitor.
As authority for the proposition that the petitions need assert compliance with the warranty of habitability (Real Property Law, § 235-b) the court below relies upon Houston Realty Corp. v Castro (94 Misc 2d 115). There exists no appellate authority for that proposition and to our view the court in Houston Realty Corp. v Castro (supra), erred in casting as a jurisdictional requisite to nonpayment proceedings a requirement that nonpayment petitions allege compliance with the warranty of habitability.
Neither RPAPL 741 nor subdivisions (e) and (f) of rule 2900.21 of the Rules of the Civil Court of the City of New York (22 NYCRR 2900.21 [e], [f]), which govern what is to be pleaded in nonpayment proceedings, requires that nonpayment petitions contain an assertion of compliance with the warranty of habitability. Such was the conclusion of Presidential Fairfield v Holman (98 Misc 2d 1095, 1096-1097) in which the court noted: “To accept the postulation of the respondents [that the petition need assert compliance with the warranty of habitability] would inferentially lend credence to further argue, present a lease, that the petitions should adopt allegations of absence of unconscionability (Real Property Law, § 235-c) and allegations that the print of the lease is clear and legible and of proper depth (CPLR 4544), ad infinitum.”
Nor should the court below have summarily dismissed the petitions because the court’s video printout monitor disclosed violations of the Housing Code had been charged against the buildings. While the court was entitled to take judicial notice of the existence of those violations (see Multiple Dwelling Law, § 328), it should not have dismissed the petitions without conducting a hearing to determine the scope of those violations and to what extent, if any, those violations impaired landlord’s entitlement, upon tenant’s default, to a final judgment of possession and money judgment.
Lastly, the court erred in utilizing as a ground for dismissing the petitions’ discrepancies between those peti *1049 tions and information contained on the video printout monitor. Those discrepancies involved the identity of the managing agent as well as the exact address of certain of the premises. Even assuming the discrepancies between the petitions and information disclosed on the video printout monitor reflected errors in the petitions, an assumption which in any event may prove fallacious, those errors were of a narrow scope, correctable by amendment of the petitions and in no sense jurisdictional defects warranting dismissal of the petitions (Z Mgt. Co. v J.E.B.M. Launders, NYLJ, Oct. 29, 1980, p 6, col 1).
Dudley, P. J., Hughes and Sullivan, JJ., concur.