OPINION OF THE COURT
Diane A. Lebedeff, J.
In this nonpayment proceeding, the landlord requests a final judgment of possession after the residential tenant has failed to answer.
On its face, for reasons set forth below, the petition presents two defects: (1) it does not contain the required specificity regarding the rent-stabilization status of the apartment at issue; and (2) it fails to allege compliance with the rent regulatory laws in general, and in particular, that the apartment was registered with the New York State Division of Housing and Community Renewal. Such registration is mandated by section 15 of the Omnibus Housing Act of 1983 (L 1983, ch 403), which added a new section YY51-6.0.6 to the Administrative Code of the City of New York. That provision is applicable because the petition was verified after July 1, 1984, the date by which rent-stabilized apartments were to be registered.
*280 I
These observations were made upon a review of the papers in a manner consistent with Central Park Gardens v Ramos (NYLJ, April 9, 1984, p 12, col 6 [App Term, 1st Dept]). The function and duty of a Judge reviewing requests for default judgments were defined as follows:
“We note * * * that Civil Court judges assigned the task of entertaining applications for entry of default final judgments in nonpayment proceedings do not function as mere automations]. They should examine the pleadings * * *
“If improper service of a true jurisdictional defect taints a proceeding, final judgment in landlord’s favor may not be entered upon tenant’s default. However, a mere irregularity or minor omission in landlord’s submission is not a proper predicate upon which to refuse to enter a default judgment * * * The question to be [asked] in each case is whether the irregularity or omission rises to the level of a jurisdictional defect.”
An examination of the significance of the flaws found is therefore required to determine the treatment the petition should be accorded.
II
The view that it is a “jurisdictional defect” if a petition fails to contain factual allegations regarding the rent regulatory status of an apartment spring from Giannini v Stuart (6 AD2d 418). Reviewing a petition alleging only that the apartment was decontrolled, the Appellate Division, First Department, concluded: “A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met. The allegation in the petition is a bare conclusion and it follows that the pleading is jurisdictionally defective and must be dismissed.” (6 AD2d, at p 420.) This principle is also the basis for the requirement that compliance with rent regulation laws must be pleaded. (See 353 Realty Corp. v Disla, 81 Misc 2d 68; Matter of ARS Yonkers Corp. v Sims, 82 Misc 2d 721, 722.)
The Rules of the Civil Court of the City of New York mandate that the same items be pleaded in a petition in a *281 nonpayment proceeding. (See 22 NYCRR 2900.21 [e].) The Omnibus Housing Act has not diminished the need to allege the particulars of rent-stabilization status.
Further, although the rules have not yet been amended to address the registration requirement of the Omnibus Housing Act, the treatment given to past amendments of the rent laws teaches that the petition must plead compliance with a new law when it becomes effective. Shortly after the passage of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4), Judge Bentley Kassal reached that conclusion and noted that the lack of a “boilerplate allegation * * * even [in] the official form of the Civil Court * * * does not relieve petitioner of the obligation to present” a complete allegation concerning rent regulatory status and compliance. (Sapphire Hotel Corp. v Netzick, 82 Misc 2d 95, 97.)
These authorities establish that the defects in this petition, classified as “jurisdictional” and required by both case law and the rules of this court, are significant omissions in the petition.
Ill
Given that the flaws are more than mere irregularities, it follows that a judgment may not issue. However, for several reasons, the court finds that the defects do not require dismissal of the proceeding.
First, it cannot be ignored that a “jurisdictional” defect in pleading is no longer fatal to the proceeding. Amendment of these defects must now be allowed at trial. (See Weiner v Zimmerman, NYLJ, July 6, 1983, p 6, col 2 [App Term, 1st Dept].) Harmless error has even been found when this pleading was completely omitted where the inapplicability of rent regulation to commercial premises was satisfactorily shown at trial. (Z Mgt. Co. v J.E.B.M. Launders, NYLJ, Oct. 29, 1980, p 6, col 1 [App Term, 1st Dept].) Dismissal does not appear consistent with the results reached in those cases.
Second, amendment of the contents of the pleadings is clearly possible, even if the tenant is in default. The Appellate Term, First Department, in Atlantic Westerly Co. v De Almeida (117 Misc 2d 1047), suggested that *282 prospective approach be utilized prior to issuance of default judgments in nonpayment cases with inaccuracies in the substantially similar required pleading of registration with the housing code enforcement agency. They concluded that those “errors [in pleading] were of a narrow scope, correctable by amendment * * * and in no sense jurisdictional defects warranting dismissal of the petitions” (p 1049; emphasis added). See, as to amendment of that defect at trial, Rosgro Realty Co. v Braynen (70 Misc 2d 808 [App Term, 1st Dept]), and as to amendment of defective verification, Hablin Realty Corp. v McCain (123 Misc 2d 777 [App Term, 1st Dept], and cases cited therein).
The cases explored and the conclusion reached here may seem at odds with the «statement in Giannini v Stuart (6 AD2d, at p 420), that a ‘jurisdictionally defective [pleading] must be dismissed.” This court does not disdain the “jurisdictional defect” concept but rather recognizes that its modification results from sweeping changes in landlord-tenant law since 1958, when Giannini v Stuart (supra) was decided.
After 1958, and especially after the 1975 enactment of the warranty of habitability (Real Property Law, § 235-b), substantive defenses became available as never before. The ability to litigate the actual disputes between the parties grew. Courts became able to encourage parties to proceed to an actual determination of their rights. Technical defenses, such as an objection to the pleadings, were no longer one of a handful of available defenses.
With this evolution of landlord-tenant law, the importance'of the threshold application of “jurisdictional defect” diminished. The need to plead rent regulatory status and compliance, consistent with case law and the rules of the court, continued. But the impact is not upon the face of the pleadings, it is at the time of judgment. At the final moment, whether in the original petition or as amended, the petitioner seeking judgment must still plead these “jurisdictional” items properly and accurately.
While the “jurisdictional defect” concept as applicable to nonpayment proceedings remains a shield against those landlords who might not wish to disclose the rent regulatory status of a unit or to comply with the rent regulatory *283 laws, it no longer serves as a sword to be used against the unwary but deserving pleader.
In relation to this petition, the court has no reason to suppose that the petitioner falls into one class or the other. Accordingly, the court would welcome demonstration that the petitioner is entitled to relief. That showing may be made in a motion to amend the pleading.
Before concluding, the limits of the scope of this opinion must be stressed. This decision does not address either the possibility of amending holdover pleadings and the notices which precede them or amendment of a pleading which does not substantially conform to applicable requirements and has numerous defects.
IV
In conclusion, the petition being defective, the request for a default judgment is denied without prejudice to a renewed application in conjunction with a motion to amend the petition.
The motion shall be made with notice to the respondent, for it may be that the respondent failed to answer because of a belief the pleading was defective. If such a motion is made, the petitioner’s counsel is reminded that attached to the motion papers should be an affidavit by a person with knowledge of the facts, a copy of the original petition, the proposed amended pleading, and a copy of this order. If any item sought to be amended, such as rent registration, occurred after the verification of the petition, counsel is requested to set forth authority relevant to the propriety of the proposed amendment.