■ VILLAS OF FOREST HILLS COMPANY, Respondent, v LOIS LUMBERGER, Appellant.—In a holdover proceeding, the tenant Lois Lumberger appeals, by permission, as limited by her brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated July 24, 1985, as affirmed (1) an order of the Civil Court of the City of New York, Queens County (Harbater, J.), dated January 9, 1985, which denied her motion to disqualify Rosenberg & Estis, P. C., as the attorneys for the petitioner, (2) a judgment of the same court, dated January 22, 1985, which, *inter alia,* granted the petitioner landlord possession of the premises in question, and (3) so much of an order of the same court, dated February 13, 1985, as denied the appellant's application to vacate the judgment. The appeal from the judgment brought up for review an order of the same court, dated January 9, 1985, which, *inter alia,* granted the petitioner's motion to dismiss the appellant's affirmative defense.

Ordered that the order of the Appellate Term is reversed insofar as appealed from, on the law, without costs or disbursements, and (1) the appeal from the order dated January 9, 1985, which denied the appellant's motion to disqualify Rosenberg & Estis, P. C., is dismissed *(see, Matter of Aho,* 39 NY2d 241, 248); (2) the judgment is reversed, and so much of the order dated January 9, 1985 as granted the petitioner's motion to dismiss the appellant's affirmative defense is vacated, and the matter is remitted to the Civil Court of the City of New York, Queens County, for a determination as to whether the petitioner is in compliance with the Rent Stabilization Law and Code and whether enforcement of Opinion 15,680 of the Conciliation and Appeals Board of the City of New York would be contrary to public policy because the petitioner is not in compliance with the Rent Stabilization Law and Code; and (3) the appeal from the order dated February 13, 1985 is dismissed as academic, in light of our determination with respect to the judgment.

The appeal from the intermediate order dated January 9, 1985, which denied the appellant's motion to disqualify Rosenberg & Estis, P. C., must be dismissed because the right of

direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248, *supra).* The issues raised with respect to the orders dated January 9, 1985 are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In a holdover proceeding brought pursuant to RPAPL 711 in the Civil Court of the City of New York, a landlord must allege that the apartment is subject to the New York City Rent and Rehabilitation Law (Administrative Code of the City of New York former § Y51-1.0 *et seq.;* now § 26-401 *et seq.),* the New York City Rent Stabilization Law (Administrative Code former § YY51-1.01 *et seq.;* now § 26-501 *et seq.),* or neither law. In the case of the owner of a building under the Rent Stabilization Law (as is the petitioner), the landlord must also allege that he is a member in good standing of the Rent Stabilization Association and that he is in compliance with the Rent Stabilization Law and Code *(see,* 22 NYCRR former 2900.21 [e] [2]).

Although the failure to make the required allegation will not deprive the hearing court of jurisdiction of the matter since the defective petition may be corrected by amendment *(see, Birchwood Towers #2 Assocs. v Schwartz,* 98 AD2d 699, 700), the need to plead rent regulatory status and compliance with the appropriate statutes and codes and to actually be in compliance therewith is necessary for a court to order the requested relief *(see, 251 E. 119th St. Tenants Assoc. v Torres,* 125 Misc 2d 279, 282; *Darnet Realty Corp. v Markley,* 63 Misc 2d 29, 31; *United Institutional Servicing Corp. v Santiago,* 62 Misc 2d 935, 936). The serious charges leveled against the petitioner landlord by the appellant could, if corroborated, place the landlord in noncompliance with the Rent Stabilization Law and Code. If so, the remedy of a summary proceeding pursuant to RPAPL 711 would be unavailable to the landlord since it would, in that case, not be in compliance with an essential requirement.

Apparently, the Civil Court made no determination with respect to whether the landlord was in compliance with the Rent Stabilization Law and Code. While we observe that the hearings currently being conducted by the Division of Housing and Community Renewal (hereinafter DHCR) involve some of the same factual issues as those pertaining to the landlord's compliance with the Rent Stabilization Law and Code, the protracted nature of those hearings renders it inappropriate to defer to the DHCR and await its decision in this already

2½-year-old summary proceeding. Therefore, the matter must be remitted to the Civil Court for a determination on this issue.

The tenant also attempts to challenge the validity of Opinion 15,680 of the Conciliation and Appeals Board of the City of New York (hereinafter CAB) in this holdover proceeding. The exclusive remedy for review of a determination of the CAB is a CPLR article 78 proceeding and such determination will not be disturbed if it has a factual basis in the record, a reasonable basis in the law, and is neither arbitrary nor capricious *(Greystone Mgt. Corp. v Conciliation & Appeals Bd.,* 94 AD2d 614, 616-617, *affd* 62 NY2d 763; *520 E. 81st St. Assocs. v Lenox Hill Hosp.,* 76 Misc 2d 892, 893, *affd* 47 AD2d 513, *affd* 38 NY2d 525). The tenant has already challenged the validity of the CAB opinion in a prior proceeding pursuant to CPLR article 78 and on appeal from the judgment entered in that proceeding *(see, Matter of Villas of Forest Hills Co. v New York City Conciliation & Appeals Bd.,* 104 AD2d 1063). Therefore, the tenant may not challenge the CAB opinion in this proceeding. We further note that the tenant Lumberger's challenge to the CAB opinion on the ground that the landlord has not complied with the conditions thereof is without merit. However, we must vacate so much of the order dated January 9, 1985 as granted the petitioner's motion to strike the appellant's affirmative defense, since the affirmative defense also asserts that the enforcement of the CAB order would be contrary to public policy because the petitioner is not in compliance with the Rent Stabilization Law and Code.

The tenant also challenges a determination of the Civil Court in its order dated January 9, 1985, refusing to disqualify Rosenberg & Estis, P. C., as counsel for the landlord. The tenant contends that since one attorney, William E. Rosen, now associated with that firm, worked for the CAB at the time the opinion was promulgated and actually represented the CAB in prior proceedings brought by both the appellant and the respondent, that attorney was somehow acting on the behalf of the tenant in those prior proceedings. We find the tenant's argument unpersuasive. The attorney Rosen did not represent the tenant. Rather, his client was the CAB. He has had no involvement with the current matter. Therefore, his association with Rosenberg & Estis, P. C., does not require disqualification of that firm from representation of the landlord in this proceeding. Further, the tenant's delay in seeking the firm's disqualification bars her from obtaining that relief at this time *(see, Thomas Supply & Equip. Co. v White Fa-*

*thers,* 53 AD2d 607; *Matter of Huie,* 2 AD2d 163, 165). Thus, the order dated January 9, 1985, which denied the appellant's motion to disqualify Rosenberg & Estis, P. C., must stand. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.