OPINION OF THE COURT
Rolando T. Acosta, J.
In this holdover proceeding, petitioner landlord seeks, inter alia, a judgment of possession of respondent’s section 8 apartment (see, 42 USC § 1437f). Upon respondent tenant’s failure to appear in court on a date set for trial or otherwise answer the petition, petitioner promptly moved for a default judgment in its favor.
Although petitioner admitted in open court that respondent is a section 8 tenant, petitioner failed to allege in the petition or notice of termination the section 8 status of the apartment or compliance with Federal regulations related thereto. Instead of setting forth those facts, petitioner alleged in the petition, inter alia, that “[t]he apartment is presently subject to the Rent Stabilization Law of 1969, as amended” and that the landlord “is in compliance with the rent stabilization law and code.” That allegation, however, is inconsistent with (a) petitioner’s additional statement in the petition that respondent entered into possession of the premises under a “monthly rental agreement”, and (b) the notice of termination which simply states that the premises is “a 4 family dwelling” and that the “[p]remises is not subject to rent control or rent stabilization” (emphasis added).
Petitioner concedes that it had failed to set forth any allegations regarding respondent’s section 8 status or petitioner’s compliance with applicable Federal regulations associated therewith, but contends that the petition was nonetheless suf *461 ficient because, according to petitioner, it was simply not required to set forth such allegations. Prior to commencing the eviction proceeding, petitioner did nevertheless serve upon the New York City Housing Authority copies of the notice of termination and petition and notice of petition — documents which do not apprise the Housing Authority of the section 8 status of the tenant named or property described therein.
On a motion for a default judgment, the court is obliged to review, inter alia, the sufficiency of the petition upon which the proceeding is based to determine whether the pleadings are sufficient and whether predicate notices were properly served. (See, Central Park Gardens v Ramos, NYLJ, Apr. 9, 1984, at 12, cols 6, 7 [App Term, 1st Dept] [“Civil Court judges assigned the task of entertaining applications for entry of default final judgments * * * do not function as mere automations]. They should examine the pleadings * * * If * * * a true jurisdictional defect taints a proceeding, final judgment in landlord’s favor may not be entered upon tenant’s default”]; 3 Rasch, New York Landlord and Tenant — Summary Proceedings § 45:2, at 168 [3d ed] [“On all applications for default judgments, the court need not necessarily grant them automatically. The court may examine the notice of petition and petition * * * for, if a jurisdictional defect taints a proceeding, final judgment in landlord’s favor may not be entered on tenant’s default”].)
Indeed, this judicial responsibility applies even in nonpayment proceedings where the court’s discretion to refrain from granting a default judgment, unlike the court’s discretion in holdover proceedings, is limited by RPAPL 732 (3). (Matter of Brusco v Braun, 84 NY2d 674 [1994].) In Matter of Brusco, the Court of Appeals ruled that where, in a nonpayment proceeding, a tenant fails to appear in court to answer a petition and the landlord submits an affidavit of service of the petition, courts must “render” a default judgment in favor of the landlord pursuant to RPAPL 732 (3), without delaying the summary proceeding for an inquest. (Supra.) The Court’s decision, however, was premised upon the assumption that a court deciding a motion for a default judgment should at the very least determine whether the petition is “proper in form and substance” and “demonstrates grounds for relief’. (Matter of Brusco v Braun, supra, 84 NY2d, at 679, 681.) That underlying assumption necessarily applies to holdover proceedings as well where the court’s discretion to hold an inquest is not so statutorily constrained. (See also, CPLR 3215.)
Furthermore, because one of the parties on a motion for a default judgment is, by virtue of the motion, not present to *462 answer the motion, the court must perform its obligations sua sponte, notwithstanding the absence of a motion challenging the sufficiency of the petition or the predicate notices.
In reviewing the petition in this summary proceeding, the court finds that the petition is defective. It is well settled that where a landlord seeks to recover possession of a premises in a summary proceeding, he or she must allege in the petition the regulatory status of the premises and compliance with the regulations associated therewith. (Villas of Forest Hills Co. v Lumberger, 128 AD2d 701, 702 [2d Dept 1987]; Giannini v Stuart, 6 AD2d 418 [1st Dept 1958]; see also, RPAPL 741 [1] [the petition must “(s)tate the interest of the petitioner in the premises”]; 741 [2] [the petition must “(s)tate the respondent’s interest in the premises and his relationship to petitioner with regard thereto”]; 741 [3] [the petition must “(d)escribe the premises from which removal is sought”]; 741 [4] [the petition must “(s)tate the facts upon which the special proceeding is based”].)
Thus, where the tenant sought to be removed participates in a section 8 program, the petition must allege the section 8 status of the tenant and the premises and must allege petitioner’s compliance with the section 8 regulatory scheme. (Sheridan 164th St. Assocs. v Fountaine, NYLJ, Feb. 24, 1995, at 30, col 5 [App Term, 1st Dept]; Agard v Cajigas, NYLJ, Jan. 29, 1997, at 28, col 6 [Civ Ct, Kings County]; Arditio v Rosse, NYLJ, May 26, 1993, at 26, col 3 [Civ Ct, Kings County]; Rushie v Simms, NYLJ, Dec. 3,1988, at 23, col 4 [Civ Ct, Bronx County].) These pleadings are required because they may determine the scope of the rights of the parties (see, Villas of Forest Hills Co. v Lumberger, supra, 128 AD2d, at 702; MSG Pomp Corp. v Doe, 185 AD2d 798, 800 [1st Dept 1992]), and may affect the manner in which the court “proceed[s]” with the action. (215-219 Union Ave. Assn. v Miller, 134 Misc 2d 507, 510 [Mount Vernon City Ct 1987].)
Here, petitioner concedes, as it must, that neither the section 8 status of the tenant or premises, nor compliance with the regulations related thereto, were alleged in the petition or notice of petition in this proceeding. Because this pleading defect prevents the court from rendering a judgment in favor of petitioner (see, Villas of Forest Hills Co. v Lumberger, supra, 128 AD2d, at 702; 251 E. 119th St. Tenants Assoc. v Torres, 125 Misc 2d 279, 280 [Civ Ct, NY County 1984]), petitioner’s motion for a default judgment is denied.
The only remaining question is whether the court should dismiss the petition or grant petitioner an opportunity, not *463 expressly requested by counsel, to amend its pleadings. The court’s resolution of that question is influenced by two sometimes competing principles of law — the law’s preference for permitting parties to correct pleading infirmities by amendment (see, Birchwood Towers #2 Assocs. v Schwartz, 98 AD2d 699, 700 [2d Dept 1983]), and the law’s concomitant demand that parties in a summary proceeding, governed as it is entirely by statute, “strict [ly] compl[y] with the statutory requirements” of the applicable law to confer jurisdiction upon the court. (See, MSG Pomp Corp. v Doe, supra, 185 AD2d, at 800.)
Here, although petitioner’s failure to allege in the petition the regulatory status of the tenancy or compliance with applicable Federal regulations alone may not be sufficient to warrant dismissal of the petition, numerous other defects in the petition and notice of termination in this proceeding collectively require that the petition upon which the proceeding is based be dismissed.
Significantly, the failure to allege the section 8 status of the tenancy affected not only the petition but also fatally undermined petitioner’s attempt to comply with the requirement, imposed by 24 CFR 982.310 (e) (2) (ii), that landlords seeking to terminate section 8 tenancies serve upon the public housing authority a copy of the notice of termination and petition. (See, Williams v New York City Hous. Auth., US Dist Ct, SD NY 1995, 81 Civ 1801 [partial consent judgment].)
This requirement, like its now extinct predecessor regulation,* is designed to “give notice to the public housing agency administering section 8 funding that the continued possession of occupants in whom it has a substantial interest is threatened.” (Jennie Realty Co. v Sandberg, 125 Misc 2d 28, 30 [App Term, 1st Dept 1984].) This is important not only to ensure that the public housing agency “does not continue to make housing subsidy payments on behalf of a tenant who is no longer in possession, but also to enable it to monitor the actions of the landlord and to afford it the opportunity to intervene if it deems it necessary to protect the interests of the section 8 tenant.” (Lamlon Dev. Corp. v Owens, 141 Misc 2d 287, 294 [Dist Ct, Nassau County 1988].)
*464 Although petitioner in this proceeding served the notice of termination and petition upon the New York City Housing Authority, its service was effectively a nullity inasmuch as those documents failed to apprise the Authority of the section 8 status of the tenancy. Under these circumstances, the Authority, likely clueless as to why the vague notice was served upon it, could not possibly be expected to fulfill the purpose of the regulation or otherwise act in any way upon the notice which was served.
Accordingly, the court finds that the notice of termination upon which the petition is predicated is deficient. Because a valid notice of termination is a condition precedent to the commencement of an eviction proceeding against a section 8 tenant, dismissal of the petition herein is required. (See, Abbondandolo v Lo Cicero, NYLJ, Jan. 10, 1992, at 25, col 1 [App Term, 2d Dept]; Agard v Cajigas, NYLJ, Jan. 29, 1997, at 28, col 6 [Civ Ct, Kings County], supra; Arditio v Rosse, NYLJ, May 26, 1993, at 26, col 3 [Civ Ct, Kings County], supra.) Unlike the defects in the pleadings (supra), the defects in the notice of termination may not be cured by amendment nunc pro tunc. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980].)
The petition must be dismissed for another reason as well. Petitioner not only failed to set forth the required section 8 allegation in both the petition and notice of termination, but petitioner instead set forth allegations regarding the regulatory status of the apartment which were wholly inconsistent with the predicate notice. The petition alleges, for example, that “[t]he apartment is presently subject to the Rent Stabilization Law of 1969, as amended” and that the landlord “is in compliance with the rent stabilization law and code.” Yet, the notice of termination alleges, in contrast, that the “[p]remises is not subject to rent control or rent stabilization” (emphasis added).
This inconsistency is fatal to this summary proceeding. If, for example, the allegation in the notice of termination is correct (i.e., that the premises is not subject to rent stabilization), the petition must be dismissed because it “misrepresent [ed] * * * the * * * rent regulatory status of the premises!,] rendering] the petition jurisdictionally defective”. (MSG Pomp Corp. v Doe, supra, 185 AD2d, at 799.) If, on the other hand, the allegation in the petition is correct (i.e., that the premises is rent stabilized), the petition must be dismissed because the notice of termination and the petition, aside from alleging a month- *465 to-month tenancy, fails to allege a statutory ground for the attempted eviction, as required by Rent Stabilization Code (9 NYCRR) § 2524.1 et seq.
Accordingly, petitioner’s motion for a default judgment is denied and the petition is dismissed.

 The predecessor regulation formerly contained in 24 CFR 882.215 required not only that a copy of the termination notice be served upon the public housing agency, but also that the agency “authorize” the eviction proceeding. That requirement was eliminated by a 1981 amendment and was not included in the new provision adopted in 1995. (See, 24 CFR 982.310 [e] [2] [ii].)