■ In the Matter of JOSEPH BERMAN et al., Appellants, v ROBERT KEETON, Respondent. [727 NYS2d 156] —In a holdover proceeding to recover possession of certain premises, the landlords appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated November 29, 1999, which affirmed an order of the Civil Court of the City of New York, Kings County (Hoahng, J.), dated October 28, 1998, which dismissed the petition.

Ordered that the order of the Appellate Term is reversed, on the law, with costs, the order of the Civil Court dismissing the petition is vacated, and the matter is remitted to the Civil Court of the City of New York, Kings County, for a determination as to whether the landlords are entitled to recover possession of the subject apartment based on the nonprimary residence of the tenant.

The Civil Court erred in dismissing the petition on the basis that the landlords failed to obtain a certificate of eviction from

the Division of Housing and Community Renewal (hereinafter the DHCR). When an owner commences a holdover proceeding to obtain possession of a controlled unit based on nonprimary residence, the "Rent and Eviction Regulations" of the DHCR do not apply (*see,* New York City Rent and Rehabilitation Law [Administrative Code of City of NY § 26-403 (e) (2) (i) (10)]; 9 NYCRR 2200.2 [f] [18]). Thus, the landlord cannot be required to obtain a certificate of eviction under the regulations.

The Civil Court also erred in dismissing the petition on the ground that it lacked jurisdiction. There was no showing that the landlords failed to comply with the statutes governing summary proceedings (*see, Villas of Forest Hills v Lumberger,* 128 AD2d 701). Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.