■ UNION BROKERAGE, INC., Respondent, v DOVER INSURANCE COMPANY, LTD., et al., Defendants, and ALLIED PROGRAMS CORPORATION, Appellant. — Order, Supreme Court, New York County (Marks, J.), entered September 15, 1982, which, *inter alia,* denied defendant Allied Programs Corporation's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed, without prejudice to an application at Special Term for leave to replead. Plaintiff, an insurance broker, was requested by its client, the Urban Real Estate Men's Association, to obtain fire insurance for its members. Utilizing the services of defendant Allied Programs Corporation and another *excess line* broker, plaintiff attempted to place the insurance with the Dover Insurance Company, Ltd. Allegedly, the premium was paid and the insurance placed. For reasons that do not appear in this record, however, Dover has refused to pay loss claims submitted by various members of the association, as

a result of which extensive litigation has ensued. Plaintiff has been made a party defendant in some of these lawsuits, thereby incurring legal fees and expenses. It thereafter commenced this action seeking $10,000,000 in damages plus reimbursement of legal expenses based on Dover's failure to pay, and alleging against Allied causes of action based on breach of contract, negligence, fraudulent misrepresentation and failure to forward premiums. Allied moved, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint for failure to state a cause of action. Although its time to amend as of right had not yet expired (see CPLR 3025, subd [a]), plaintiff cross-moved for leave to amend the complaint in the form annexed to its moving papers. Citing its inclination to have issue joined and some preliminary disclosure taken, Special Term denied the motion to dismiss, without prejudice to renewal and granted the cross motion. The complaint fails to state a cause of action and should have been dismissed. Moreover, its defects were not cured by the proposed amended complaint, which suffers from the same flaws as the original complaint. The test of the sufficiency of a complaint is whether, liberally construed, it "states, in some recognizable form, a cause of action known to the law". (*Howard Stores Corp. v Pope,* 1 NY2d 110, 114.) While both the complaint and amended complaint state a cause of action it is obvious from the face of the pleadings that the causes of action run in favor of the association and its members, the disclosed principal for whom plaintiff, as broker, at all times acted. Indeed, plaintiff concedes this fact. The insurance was for the association and its members and inured only to their benefit. Moreover, plaintiff fails to show its entitlement to damages. These defects permeate all the causes of action. Nor does plaintiff's affidavit in opposition furnish any enlightenment. It merely makes the conclusory assertion, without any specific allegations in support thereof, that the causes of action which it pleads, as well as the damages sought, are separate and apart from the insured's. A plain reading of the complaint shows otherwise. The causes pleaded are exclusively those of the insured, the association and its members. The eighth cause of action of the amended complaint, which seeks reimbursement of legal fees and expenses incurred by plaintiff in the defense of the suits against it, comes closest to stating a cause of action, but fails because it merely alleges damages without setting forth a right to relief. The right to such reimbursement can arise only from some underlying liability. Plaintiff may have a right to indemnity either contractually or through fault, but it is not discernible in either the original or amended complaint, both of which are pleaded as though plaintiff were the insured. In such circumstances the dismissal is without prejudice to an application at Special Term for leave to serve an amended complaint on a showing of merit. Concur — Sullivan, J. P., Ross, Fein, Milonas and Alexander, JJ.