■ EDWIN SUAREZ, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Herman Cahn, J.), entered June 2, 1990, denying plaintiff's motion for leave to amend the complaint to increase the ad damnum clause from $500,000 to $10,000,000, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion granted.

On November 4, 1978, the 38-year-old plaintiff was allegedly assaulted, without provocation, by several New York City police officers in an East Harlem apartment. At the time, he owned a 50% interest in a neighborhood liquor store, and was a self-employed housing consultant for PAA Management. Plaintiff claims a laceration to the left frontal region of his head, which required 11 sutures to close and entailed a four-day hospitalization at Metropolitan Hospital and has resulted in permanent scarring and loss of sensation. Plaintiff was subsequently confined to the intensive-care unit of St. Barnabas Hospital for approximately nine days due to blackouts and was confined there for about a month, although it is not at all clear that this confinement was a direct result of the earlier alleged assault. In early 1980 plaintiff commenced this action seeking $500,000 in damages. A note of issue and statement of readiness were filed in April or May of 1988. A trial was scheduled for June 20, 1990.

By notice of motion dated April 27, 1990, plaintiff moved to increase the ad damnum to $10,000,000. Plaintiff alleged that as a result of a deteriorating mental condition due to the 1978 incident he was forced in 1981 to sell his 50% interest in the liquor business, even though he had satisfied a $50,000 obligation incurred in launching the business, and that he had to resign from a job he had taken after the incident as a special legislative assistant to a Congressman. Plaintiff claims to have suffered a series of traumatic disturbances as a result of the incident. He supported his application with a medical report and affidavit from Dr. Robert Karlan, who, after examining plaintiff again on December 8, 1986, determined that he will continue to suffer from headaches, blackouts and insomnia as a result of his 1978 head injuries and that his medical condition was the "competent producing cause of his inability to function in his usual employment duties prior to the time of the occurrence". Even though the city defaulted, the IAS

court, on the basis of the belatedness of the application—practically the eve of trial—denied the motion. We reverse.

In keeping with this state's liberal policy of permitting the amendment of pleadings in the appropriate circumstances *(see,* CPLR 3025 [b]), it appears that plaintiff's papers included sufficient factual and medical support to justify the increase sought in the ad damnum clause. Although plaintiff failed to explain the 10-year delay in seeking an amendment, mere lateness is not a per se bar to the granting of such relief. Prejudice must be shown as well. *(Fahy v Hertz Corp.,* 92 AD2d 581; *Stornelli v Aakron Rule Corp.,* 89 AD2d 1060.) There is no indication of prejudice here. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Rubin, JJ.