■ TURGUT OZEN, Respondent, v HAMZA YILMAZ et al., Appellants.—In an action to recover damages for breach of contract, the defendants Hamza Yilmaz and 4000 Hempstead, Inc., appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 11, 1990, as (1) directed them to pay for the costs of an interpreter at their examinations before trial, and (2) denied their cross motion for leave to serve an amended answer to include new affirmative defenses and a counterclaim.

Ordered that the order is modified by deleting the provision thereof denying the defendants' cross motion for leave to serve an amended answer, and substituting therefor a provision granting the defendants' cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the defendants' proposed amended answer is deemed served, and the plaintiff's time to serve a reply is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The defendant Hamza Yilmaz asserts that he does not understand the English language and that he requires the services of an interpreter at any examination before trial. He contends that under CPLR 3114, the plaintiff was required to

pay for the interpreter and that the court erred in directing him and his codefendant to pay the interpreter's expenses. The first sentence of CPLR 3114 provides that "[i]f the witness to be examined does not understand the English language, the examining party must, at his own expense, provide a translation of all questions and answers". However, this provision, as all the disclosure provisions of CPLR article 31, must be viewed in light of the court's broad discretion under CPLR 3103 (a) to regulate the "use of any disclosure device" *(see, U. S. Pioneer Elecs. Corp. v Nikko Elec. Corp.,* 47 NY2d 914, 916; *Nitz v Prudential-Bache Secs.,* 102 AD2d 914, 915). The court did not improvidently exercise its discretion when it shifted the burden for paying the costs of the interpreter from the plaintiff to the defendants *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3114:1, at 540; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3114.01; *see also, Castagnazzi v Schlecker,* 159 AD2d 533).

However, the court erred in denying the defendants' cross motion for leave to serve an amended answer so as to assert new affirmative defenses and a counterclaim. It is generally accepted that leave to amend a pleading should be freely granted absent a showing of prejudice or surprise to the opposing party *(see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935; *D'Onofrio v St. Joseph's Hosp. Health Center,* 101 AD2d 686). In the instant case, the plaintiff failed to show that he would have been prejudiced by the proposed amendments. The mere fact that he had expended time and money to initiate the lawsuit or that the proposed amendments might defeat his cause of action is not the kind of prejudice that the case law contemplates *(see, Aetna Cas. & Sur. Co. v Sheldon,* 124 AD2d 428; *Burack v Burack,* 122 AD2d 101, 103; *Balzac v Jerome,* 104 AD2d 1015). Furthermore, the defendant's cross motion for leave to serve an amended answer was made within six months of the filing of the original answer, and before any discovery had been conducted. Thus, it cannot be said that there was undue delay *(see, Miller v Danchak,* 144 AD2d 825; *cf., Hypertonics Inc. v Digital Equip. Corp.,* 159 AD2d 607).

Finally, the defendants' proposed amended answer was not so lacking in merit that leave to amend should have been denied *(cf., Matter of Consolidated Edison Co.,* 143 AD2d 1012). Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.

■ MICHAEL RADFORD, by His Father and Natural Guard-