(April 21, 1994)

■ JEFFREY R. NORWOOD, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Appellants. [610 NYS2d 249] —Judgment, Supreme Court, New York County (William J. Davis, J.), entered July 9,

1992, which, upon a jury verdict, adjudged that the plaintiff recover from the defendants the sum of $1,005,355, unanimously reversed, on the law, the facts and in the exercise of discretion, the judgment is vacated, the defendants' motion to amend their answer is granted and the matter is remitted for a new trial, without costs.

The plaintiff, a former medical resident, instituted this action alleging that the defendants made certain libelous and slanderous remarks concerning his professional qualifications to the American Board of Internal Medicine and to the Long Island Jewish Medical Center where he had been conditionally accepted for a fellowship following his residency at Harlem Hospital. The jury found in his favor and awarded compensatory damages for past and future loss of income. Punitive damages were also assessed against the defendant Dobkin, the director of the residency program.

While we agree with the plaintiff that the allegations in the complaint were set forth with sufficient particularity *(see,* CPLR 3016 [a]; *Rossignol v Silvernail,* 185 AD2d 497, *lv denied* 80 NY2d 760), the Supreme Court abused its discretion in denying the defendants' motion to amend their answer to assert the affirmative defense of qualified privilege.

While the decision to allow or disallow an amendment to the pleadings is committed to the court's discretion *(Murray v City of New York,* 43 NY2d 400, 404-405, *rearg dismissed* 45 NY2d 966), "[p]ermission to amend pleadings should be 'freely given' (CPLR 3025, subd [b])" *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959).

The fact that the defendants moved to amend their answer just prior to opening statements was no bar to granting leave. A court may grant leave to amend pleadings "at any time" (CPLR 3025 [b]). " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side * * *' (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5 [at 356])" *(Edenwald Contr. Co. v City of New York, supra,* at 959; *Suarez v City of New York,* 169 AD2d 540; *Detrinca v De Fillippo,* 165 AD2d 505, 508). In determining whether to grant a motion to amend an answer, the court should consider the merit of the proposed defense and whether the plaintiff will be prejudiced by the delay in raising it *(Crimmins Contr. Co. v City of New York,* 74 NY2d 166, 170; *Herrick v Second Cuthouse,* 64 NY2d 692; *Fahey v County of Ontario,* 44 NY2d 934).

It cannot be said that the proposed defense lacked merit. The qualified privilege defense cloaks certain statements, even if defamatory, with a conditional privilege, in order to serve a societal interest in encouraging people who have a legal or moral duty to respond to inquiries to communicate freely *(see, Liberman v Gelstein,* 80 NY2d 429, 437; *Stukuls v State of New York,* 42 NY2d 272, 278-279). The privilege attaches when the statement is made between individuals who share a common interest and can be overcome only by a showing of malice on the part of the declarant *(Liberman v Gelstein, supra,* at 437). The communications at issue were made in the context of graduate medical education and involved complex value judgments most appropriately made by professionals in the field *(see, Matter of Patti Ann H. v New York Med. Coll.,* 58 NY2d 734; *see also, Meller v Tancer,* 174 AD2d 374).

The plaintiff has also failed to establish that he would have been prejudiced by the proposed amendment. The fact that the qualified privilege defense might defeat his cause of action is not the type of prejudice which will bar a motion to amend *(see, Ozen v Yilmaz,* 181 AD2d 666, 667). Instead, he had to demonstrate that he "has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" *(Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23). Although the plaintiff will have to establish malice to overcome the defense, he cannot claim surprise since the facts and circumstances with respect to the qualified privilege were fully explored during discovery. He also placed the question of malice in issue by pleading that the statements were made maliciously and by seeking an award of punitive damages *(see, Loomis v Civetta Corinno Constr. Corp., supra; Rife v Union Coll.,* 30 AD2d 504). Accordingly, there has been no showing of "operative prejudice" *(Murray v City of New York, supra,* at 405).

Contrary to the plaintiff's contention, the error in denying the defendants' motion to amend their answer was not harmless despite the jury's award of punitive damages. Whether or not the plaintiff can establish malice to overcome the privilege, upon proper instructions, must await a new trial.

In light of the foregoing, we do not reach the parties' remaining contentions. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Rubin, JJ.