■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v JEFFREY SCHWARTZ, Appellant. (And a Third-Party Action.) NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v MICHAEL G.

MILLER, Appellant. (And a Third-Party Action.) [619 NYS2d 542] —Orders, Supreme Court, New York County (Myriam Altman, J.), both entered on or about July 12, 1993, granting plaintiff's motions for leave to serve amended complaints, unanimously affirmed, with cost.

The IAS Court properly granted plaintiff's motion to amend the complaints to add causes of action based on holder in due course status and claims based on subsequent defaults under the note. Although these two actions remained dormant for nearly six years, a court may grant leave to amend "at any time" (CPLR 3025 [b]; *see, Norwood v City of New York,* 203 AD2d 147, 148). Moreover, mere lateness is not a barrier to amendment, especially where no significant prejudice can be demonstrated by the non-moving parties *(supra,* at 148; *see also, Tushaj v Elm Mgt. Assn.,* 198 AD2d 127). Here, the IAS Court properly rejected defendants' contention that the proposed amendments were inappropriate due to a purported time bar against the claims. The original complaints put defendants on notice that all transactions or occurrences concerning defendants' obligations under the indemnification and pledge agreements were in issue (CPLR 203 [f]). Finally, defendants failed to demonstrate surprise or prejudice *(see, Norwood v City of New York, supra).* Concur—Sullivan, J. P., Wallach, Ross, Rubin and Williams, JJ.