Aero Mgt. v Moghadasian (2022 NY Slip Op 50154(U))

[*1]

Aero Mgt. v Moghadasian

2022 NY Slip Op 50154(U) [74 Misc 3d 132(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-884 Q C

Aero Management, Appellant,
against
Mansour Moghadasian, Respondent, "John Doe" and "Jane Doe",
Undertenants. 

Cooper, Paroff & Graham, P.C. (Jamie B. Nevins of counsel), for appellant.
Singh & Rani, LLP (Bikram Singh of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Kimon C.
Thermos, J.), dated May 8, 2020. The order granted tenant's motion to vacate a default final
judgment and to dismiss the petition in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
In this holdover proceeding to recover possession of a cooperative apartment, tenant moved,
among other things, to vacate a final judgment of possession awarded to landlord upon tenant's
default in appearing for a hearing/trial and to dismiss the petition for failure to allege tenant's
regulatory status, namely that the tenancy was subject to the Martin Act (see General
Business Law § 352-eeee). By order dated May 8, 2020, the Civil Court granted tenant's
motion.
In order to vacate the final judgment pursuant to CPLR 5015 (a) (1), tenant was required to
demonstrate both a reasonable excuse for his default and a potentially meritorious defense to the
proceeding (see Nationstar Mtge., LLC
v McLean, 140 AD3d 1131, 1132 [2016]; Santiago v New York City Health & Hosps. Corp., 10 AD3d
393, 394 [2004]; 136-76 39th Ave.,
LLC v Ai Ping Wu, 55 Misc 3d 128[A], 2017 NY Slip Op 50363[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2017]). Tenant established a reasonable excuse for his
default in failing to appear at the scheduled hearing/trial and a potentially meritorious defense
that the petition failed to allege that the tenancy was subject to the Martin Act.
Pursuant to RPAPL 741, a petition must contain a concise statement of the ultimate facts
upon which the proceeding is based (see Giannini v Stuart, 6 AD2d 418 [1958]). Where a
tenancy is subject to a specific form of regulation, the petition must set forth the tenant's
regulatory status, because this status may determine the scope of the tenant's rights (see Migliaccio v Childs, 65 Misc 3d
131[A], 2019 NY Slip Op 51575[U] [App Term, 2d Dept, 2d, [*2]11th & 13th Jud Dists 2019]; Brookwood Coram I, LLC v Oliva, 47
Misc 3d 140[A], 2015 NY Slip Op 50607[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2015]; Volunteers of Am.-Greater
NY, Inc. v Almonte, 17 Misc 3d 57, 59 [App Term, 2d Dept, 2d & 11th Jud Dists
2007], affd 65 AD3d 1155 [2009]). A petition which contains material omissions is
subject to dismissal (see Jamaica Seven,
LLC v Villa, 67 Misc 3d 138[A], 2020 NY Slip Op 50630[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2020]; Migliaccio v Childs, 2019 NY Slip Op
51575[U]).
Here, it is undisputed that the tenancy was subject to the Martin Act. It was incumbent upon
landlord to allege this fact in the petition so that tenant and the court would be adequately
apprised of the basis of landlord's claim (see Todman v Thompson, 2003 NY Slip Op
51195[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; Kew Gardens Hills Apt.
Assoc., L.P. v Jeffers, 2003 NY Slip Op 51132[U] [App Term, 2d Dept, 2d & 11th Jud
Dists 2003]; see also Joseph M. d'Assern
Hous. Corp. v Day, 24 Misc 3d 132[A], 2009 NY Slip Op 51377[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2009]). As landlord failed to do so, the Civil Court properly
granted tenant's motion to vacate the default final judgment and to dismiss the petition as
defective (see Jamaica Seven, LLC v Villa, 2020 NY Slip Op 50630[U]; Migliaccio v
Childs, 2019 NY Slip Op 51575[U]; Tello v Dylag, 47 Misc 3d 141[A], 2015 NY Slip Op 50617[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Joseph M. d'Assern Hous. Corp. v
Day, 2009 NY Slip Op 51377[U]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022