Inga v Revenco (2025 NY Slip Op 50911(U))

[*1]

Inga v Revenco

2025 NY Slip Op 50911(U)

Decided on June 4, 2025

Civil Court Of The City Of New York, Kings County

Danescu, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 4, 2025
Civil Court of the City of New York, Kings County

Francesca Inga, Petitioner,

against
Veronica Revenco, et al., Respondents.

Index No. 319290/2024 

Hertz, Cherson & Rosenthal, PC Firm
118-35 Queens Blvd, 9th Floor 
Forest Hills, New York 11375
Attorneys for Petitioner 
Brooklyn Legal Services Firm
105 Court Street 
4th Floor
Brooklyn, New York 11201
Attorneys for Respondent 

Madalina Danescu, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Notice of Motion with Affirmations
[W/ Exhibits A-G] [NYSCEF Doc. Nos. 9-18] 1
Notice of Cross-Motion with Affirmation
[W/ Exhibit 1] [NYSCEF Doc. Nos. 19-21] 2
Affirmation in Opposition to Motion [NYSCEF Doc. No. 23] 3
Affirmation in Opposition to Cross-Motion
[W/ Exhibit A] [NYSCEF Doc. Nos. 24-25] 4
Affirmation in Reply to Motion
[W/ Exhibits A-C] [NYSCEF Doc. Nos. 26-29] 5
After argument held on May 28, 2025, and upon the foregoing cited papers, the decision and order on these motions is as follows:
 FACTUAL & PROCEDURAL HISTORY
This summary holdover proceeding was commenced by Francesca Inga ("petitioner") [*2]against Veronica Revenco ("respondent"). Petitioner seeks possession of 1773 63rd Street, 2nd Floor Rear Apartment, Brooklyn, NY 11204 (the "subject premises" or "apartment"), and to terminate respondent's month to month tenancy.
The 90-day termination notice, dated February 26, 2024 and expiring May 31, 2024, states that the landlord elects to terminate respondent's month to month tenancy. (see NYSCEF Doc. No. 1). This type of predicate precedes what is commonly referred to as a "no-grounds" or "no-fault" holdover.
The proceeding was commenced on June 25, 2024 by notice of petition and petition dated June 24, 2024. The petition states that the premises are not subject to rent regulation and adds that petitioner is entitled to a judgment for use and occupancy in the amount of $23,250.00 at the rate of $1550/month from May 2023 through June 2024. (see NYSCEF Doc. No. 1).
On April 20, 2024, after the termination notice but prior to commencement of this proceeding, the Good Cause Eviction Law (GCEL) went into effect. In properties where GCEL applies, the law restricts the removal of protected tenants as of the effective date. (see L 2024, ch 56, part HH §§ 1; Queens St. Albans Holdings, LLC v Sands, 85 Misc 3d 275, 276 [Civ Ct, Queens County 2024]).
"A GCEL-protected tenant can no longer be evicted in a no grounds holdover and can only be removed from possession based on one of the good cause grounds enumerated in RPL 216 (1) (a) - (j) . . . One of the good cause grounds is that "[t]he tenant has failed to pay rent due and owing, provided however that the rent due and owing, or any part thereof, did not result from a rent increase which is unreasonable" (Real Property Law §216 [1] [a] [i])." (1719 Gates LLC v Torres, 222 NYS3d 366, 368 [Civ Ct, Queens County 2024]).
There is currently no dispute that the subject premises are subject to GCEL.
Respondent now moves to amend her answer and, upon amendment, for dismissal because neither the predicate notice nor petition contain the GCEL notice, they do not state whether GCEL applies, and they do not allege good cause for the eviction. Respondent argues that failure to state the applicability of GCEL, and/or provide good cause, is an unamendable defect. In the alternative, respondent seeks limited discovery as to GCEL applicability and whether good cause to maintain this proceeding exists.
Petitioner cross-moves to amend the petition to include the GCEL notice as follows: that the premises are subject to GCEL but that good cause for eviction exists as follows: (i) nonpayment of rent, breach of lease, and nuisance. The proposed amended petition does not include any additional details or factual allegations in the body of the proposed amended petition. Indeed, the petition itself remains identical and petitioner seeks to add the statutory GCEL notice checking off good cause under paragraph 4(E), 4(F), and 4(G). (see NYSCEF Doc. No. 1).

DISCUSSION
AMENDED ANSWER
CPLR 3025(b) provides that leave to amend a pleading shall be freely given upon such terms as may be just, and amendment can be at any time, especially where there is not significant prejudice to the opposing party. (Norwood v City of New York, 203 AD2d 147, 148-149 [1st Dept 1994] (National Union Fire Ins. Co. v Schwartz, 209 AD2d 289, 290 [1st Dept 1994]; Vidal v Claremont 99 Wall, LLC, 124 AD3d 767, 767-768 [2d Dept 2015]; Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1147 [2d Dept 2019] ["Permission to amend a pleading should be 'freely given' . . . where the proposed amendment is neither palpably insufficient nor patently devoid [*3]of merit, and there is no evidence that the amendment would prejudice or surprise the opposing party."] [internal citations omitted]).
While proposed defenses which "plainly lack merit" should be denied, (Krakovski v Stavros Assoc., LLC, 173 AD3d at 767-768), potentially meritorious defenses should be allowed. (See Goldman v City of New York, 287 AD2d 482, 483 [2d Dept 2001]). When seeking amendment, a movant does not need to establish the merit of its proposed amendment, but simply show that the amendments are not palpably insufficient or clearly devoid of merit. (see Johnson v Montefiore Med. Ctr., 203 AD3d 462, 464 [1st Dept 2022]).
Petitioner fails to show prejudice. While petitioner claims in the attorney that the proposed defenses are prejudicial, not once does petitioner explain how it may be prejudiced if respondent were allowed to amend her answer. Prejudice is shown where the nonmoving party is "hindered in the preparation of his case or has been prevented from taking some measure in support of his position." (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]; Jacobson v McNeil Consumer & Specialty Pharmaceuticals, 68 AD3d 652, 654-655 [1st Dept 2009] [prejudice does not occur simply because a defendant has to expend additional time preparing its case] [internal citations omitted]).
Although prejudice is not shown, the court must still analyze whether the proposed defenses have merit. (see Lucido v Mancuso, 49 AD3d 220, 226 [2d Dept 2008] ["Where lack of merit of a proposed defense is clear and free from doubt, a motion for leave to amend the answer should be denied."]).
The first defense alleging there is a current lease in effect is potentially meritorious and was previously included in the initial March 2025 answer. Not only is this not a new proposed defense, but if there is a lease in effect at this time, petitioner may not be able to prevail on its cause of action that the lease has expired and that respondent is a month-to-month tenant.
The second defense alleging failure to name an individual named Alexandra Turcan as a necessary party was also included in the initial answer. However, this defense has no merit. Respondent does not have standing to raise this defense on behalf of another individual, even if a non-tenant occupant was a necessary, rather than proper, party. (see 83-40 Britton Ave. LLC v Sultana, 2023 NY Slip Op 34746[U], *3 [Civ Ct, Queens County 2023] ["The court agrees with Petitioner that Respondent does not have standing to raise this defense on behalf of the occupant."]; Crossroads Assoc., LLC v Amenya, 47 Misc 3d 1216[A], *4 [City Ct, Westchester County 2015]; (Teachers Coll. v Wolterding, 77 Misc 2d 81, 82 [App Term, 1st Dept 1974]) [undertenants or occupants are not necessary parties]). As such, this defense is stricken from the amended answer.
As to the third and fourth defenses, regarding GCEL, the court will address them at length below.
Finally, the first affirmative defense and counterclaim alleging breach of warranty of habitability, second affirmative defense and counterclaim alleging retaliatory eviction, the counterclaim for harassment and counterclaim for attorneys' fees were all included in the initial answer. Furthermore, the court does not find these defenses and counterclaims to be without merit. Whether respondent can prevail on them is of no consequence to a motion to amend.
AMENDED PETITION
Petitioner seeks to amend the petition to include the GCEL notice stating that the premises are subject to GCEL, and that good cause exists to evict respondent.
A petition that commences a summary proceeding is required to state the facts upon [*4]which the proceeding is based. (see RPAPL § 741(4)). The tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is based. (see Giannini v Stuart, 6 AD2d 418, 178 NYS2d 709 [1st Dept 1958]). To be entitled to relief in a summary proceeding, it is necessary that a landlord "plead rent regulatory status and compliance with the appropriate statutes and codes... and actually be in compliance therewith." (Villas of Forest Hills Co. v Lumberger, 128 AD2d 701, 702 [2d Dept 1987]).
Respondent cites to 1303 Needham Realty LLC v Brown, for the proposition that courts have dismissed cases for failure to plead GCEL. However, the court in 1303 Needham was clear that "This Court also does not reach the issue of whether such a pleading defect can be cured by amendment as Petitioner has not sought leave to amend." (2025 NY Slip Op 25028, n. 2 [Civ Ct, Bronx County 2025]).
While a defective predicate notice cannot be amended and requires dismissal (see Chinatown Apts v Chu Cho Lam, 51 NY2d 786, 788 [1980]), the principle that leave to amend a pleading shall be freely given (see Norwood v City of New York, 203 AD2d at 148-149) is just as applicable in this context as in the context of respondent amending her answer.[FN1]
(see also Edenwald Contracting Co., Inc. v. City of New York, 60 NY2d 957, 959 [1983] ["Permission to amend pleadings should be 'freely given'," absent prejudice or surprise resulting directly from the delay]).
While a petition must plead government contracts to which petitioner is a party, such as a section 8 subsidy, a contract with the City of New York Department of Homeless Services, or certain regulatory agreements with city agencies, (see Volunteers of Am.-Greater New York, Inc. v Almonte, 65 AD3d 1155, 1157 [2d Dept 2009)]; Park Props. Assoc., L.P. v Williams, 38 Misc 3d 35, 36 [App Term, 2d Dept 2012]; Bsdc Kings Covenant Hdfc v. Benjamin, 2017 NYLJ LEXIS 1549, *10-11 [Civ Ct, Kings Cunty 2017]), there are many pleading irregularities that are amendable and do not require dismissal.
The law is clear that many defects even in the regulatory status are amendable. (see 17th Holding LLC v Rivera, 195 Misc 2d 531, 532 [App Term, 2d Dept 2002] [finding that failure to plead rent stabilization does not require dismissal, and is amendable absence prejudice]; Coalition Houses L.P. v Bonano, 12 Misc 3d 146[A], *1 [App Term, 1st Dept 2006]; see also generally Paikoff v Harris, 185 Misc 2d 372, 376 [App Term, 2d Dept 1999] ["it is permissible to amend the pleadings in summary proceedings even with respect to misstatements of the rent-regulated status of the tenancy"]; Hernco, LLC v Hernandez, 46 Misc 3d 137[A], *3 [App Term. 2d Dept 2015]).
Failure to plead GCEL in the petition is akin to failure to plead rent stabilization, a recognizably amendable defect. One of the purposes of GCEL was to bring previously unregulated apartments into a similar regulatory framework to that of rent stabilization, including protection from eviction except for good cause grounds allowed by statute.
As such, the court is guided by similar guidelines in determining whether to amend a [*5]petition to state that the premises are subject to GCEL as it would in determining whether to amend the petition to state that the premises are rent stabilized.
Indeed, courts have specifically allowed amendment of petitions to include language or notices as to applicability of or grounds under GCEL, (see Sin Hang Lau v Yun He Zheng, 225 NYS3d 854, 858-859 [Civ Ct, Kings County 2025]; Barretta v Parilla, 85 Misc 3d 1222[A], *2 [Civ Ct, Queens County 2025]), and have even deemed a petition amended to plead GCEL exemption sua sponte and after trial, (see 47-05 Ctr. SPE L.L.C. v Hack, 2025 NY Slip Op 25129, n. 1 [Civ Ct, Queens County 2025]).
Here, respondent is represented by counsel and is aware of her rights and defenses, especially as they relate to GCEL. As such, no prejudice is shown from amendment of the petition. (see Servs. for the Underserved, Inc. v Mohammed, 79 Misc 3d 1205[A], 2023 NY Slip Op 50536[U], *5 [Civ Ct, Bronx County 2023]; 37-20 104th Street v. Sanchez, 76 Misc 3d 23, 25-26, 173 N.Y.S.3d 826 [App. Term, 2nd, 11th, & 13th Jud. Dists. 2022] [finding no prejudice where the tenant was prepared to litigate issues and denying dismissal]).
As such, petitioner's cross-motion to amend the petition is granted. Respondent's motion for discovery as to GCEL is therefore denied as moot. 
MOTION TO DISMISS
A. Standard on a CPLR § 3211 Motion to Dismiss
When considering a motion under CPLR § 3211, the court must afford the pleadings a liberal construction, must deem the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In assessing a motion under CPLR § 3211(a)(7), the criterion is whether the petitioner has stated a cause of action, not whether petitioner actually has one. (see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 887 [2013]; Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]).
Thus, "a motion to dismiss made pursuant to CPLR § 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law." (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2nd Dept 2006]; see also Leon v Martinez, 84 NY2d at 87-88; Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d at 887; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]).
The court must not consider whether the petitioner will be able to ultimately prove the allegations made in the pleadings. (see Howard Stores Corp. v Pope, 1 NY2d 110, 114 [1956]; Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 964-965 [2nd Dept 2019]). "On a motion made pursuant to CPLR § 3211(a)(7) the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party." (Sokol v Leader, 74 AD3d 1180, 1181 [2nd Dept 2010] [emphasis added]).
For a pleading to be dismissed for failure to state a cause of action, there can be no legally cognizable theory that could be inferred from the pleading and if the pleading, construed liberally, states in some recognizable form a known cause of action, a motion to dismiss must fail. (see Howard Stores Corp. v. Pope, 1 NY2d at 114; Union Brokerage, Inc. v Dover Ins. Co., 97 AD2d 732, 733 [1st Dept 1983]; Quinones v Schaap, 91 AD3d 739, 740 [2d Dept 2012]).
B. Failure to Plead GCEL and Failure to State Good Cause Under GCEL
Respondent moves to dismiss for failure to plead GCEL and failure to state good cause [*6]for the eviction, as required by GCEL, in the predicate notice or the petition.
As petitioner's cross-motion to amend the petition to include the GCEL notice is granted, the portion of respondent's motion to dismiss for failure to plead GCEL is denied as moot.
Regarding failure to plead GCEL in the predicate notice, where the February 2024 predicate notice was served months prior to enactment of GCEL, any argument as to failure to plead GCEL in the termination notice is without merit. (see TD Equities, Inc. v Cribbs, 2025 NY Slip Op 50775[U], *3 [Civ Ct, Queens County 2025]).
As more fully discussed in TD Equities, GCEL is not retroactively applicable. (see id., citing Sin Hang Lau v Yun He Zheng, 225 NYS3d at 857; QN St. Albans Holdings LLC v Sands, 85 Misc 3d 275, 279 [Civ Ct, Queens County 2024]; and Gunther v 29th St. PVP, LLC, 2025 NY Slip Op 02912, 1 [2d Dept 2025]).
At the time the predicate notice was served, there was no requirement to include good cause language in the notice, nor to plead applicability of GCEL. (see QN St. Albans Holdings LLC v Sands, 85 Misc 3d at 279 ["the legislature allowed nonrenewal and termination notices served pursuant to Real Property Law §§ 226-c and 232-a before the passage of GCEL, some requiring as much as 90 days of notice, to remain viable, indicative of a legislative intent to avoid invalidating legal papers that complied with the law when they were prepared."]).
Therefore, the motion to amend for failure to plead applicability of GCEL or to state good cause in the predicate notice is denied, as no such requirements existed at the time.
To the extent that respondent relies upon Doc Realty Mgt. Inc. v Morales, 85 Misc 3d 389, 390 [Civ Ct, Queens County 2024]), the court notes that the case is distinguishable and, and any case, disagrees and declines to follow. There, the court dismissed the proceeding finding that the case commenced in May 2024, upon service.
However, the law is clear that New York is a commencement by filing state, that this applies to summary proceedings, that only certain exceptions exist to commencement by filing, none of which are applicable here, and that for the purposes of GCEL applicability, commencement is by filing. (see 92 Bergenbrooklyn, LLC v Cisarano, 50 Misc 3d 21, 24-25 [App Term, 2d Dept 2015] [making exceptions to commencement by filing only in the Second Department, and only for the purpose of jurisdictional issues, and vitiation by acceptance of rent]; QN St. Albans Holdings LLC v Sands, 85 Misc 3d at 277-278; Sin Hang Lau v Yun He Zheng, 225 NYS3d at 857-858).
Even if this court were to agree with the analysis in Doc Realty, the court notes that petitioner there did not move to amend the petition to include GCEL and the court, applying the mistaken reasoning that GCEL was applicable, dismissed the case. Here, however, the petitioner sought and was granted amendment.
The court now turns to respondent's argument that the petition must be dismissed for failure to state good cause. TD Equities is directly on point here. In that proceeding, the respondent sought to dismiss the proceeding as the termination notice and the petition did not mention or describe the alleged nuisance behavior. (see TD Equities, Inc. v Cribbs, 2025 NY Slip Op 50775[U] at *2).
There, like here, the court found that GCEL and its pleading/notice requirements did not apply to the predicate notice served before GCEL went into effect (see id. at *3), but went on to hold that, where GCEL went into effect prior to the commencement of the proceeding, the petition did, in fact, need to plead inapplicability of GCEL or good cause under GCEL (see id. at *4).
Because the petition in TD Equities alleged nuisance as good cause, but did not include sufficient factual allegations as to give notice of what petitioner was intending to prove so that respondent court frame a defense, the petition was deficient and the court dismissed it. (see id., citing June-July Tr. By Everetts v Fletcher, 71 Misc 3d 126[A], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021] [a petition must "include a concise statement of the ultimate facts upon which the proceeding is based."]; 148 S. Emerson Partners, LLC v 148 S. Emerson Assocs., LLC, 157 AD3d 889, 890 [2d Dept 2018] [a petition must provide "adequate notice of the transaction and the material elements of the proceeding."]).[FN2]

Similarly, the petition here alleged several good cause grounds in the GCEL notice: nuisance, illegal subletting and non-payment of rent. Just like petitioner in TD Equities, petitioner here alleges no facts whatsoever in support of its nuisance and illegal sublet grounds, relying entirely upon the boilerplate language in the GCEL notice. As petitioner failed to meet basic pleading requirements, it has not stated sufficient good cause as to the nuisance and illegal sublet grounds and the proceeding may not be maintained upon these grounds. (see TD Equities, Inc. v Cribbs, 2025 NY Slip Op 50775[U] at *4; June-July Tr. By Everetts v Fletcher, 71 Misc 3d at *1; 148 S. Emerson Partners, LLC v 148 S. Emerson Assocs., LLC, 157 AD3d at 890).
However, petitioner here also alleges a third good cause for eviction in the GCEL notice, non-payment of rent. This ground is supported by factual allegations in both the initial and amended petition as follows: "Petitioner is entitled to the fair value of use and occupancy at $1,550.00 per month from 5/1/23 to 6/30/24 totaling $23,250." (see NYSCEF Doc Nos. 1 & 21).
The good-cause ground in the GCEL notice, along with the factual allegations in the body of the petition, at paragraph 9, taken together, satisfy the requirements of RPAPL § 741(4). (see Jewish Theol. Seminary of Am. v Fitzer, 258 AD2d 337, 338 [1st Dept 1999] [the court held that the separate rider, setting the statutory grounds, taken together with the factual allegation in the notice, were sufficient to state a cause of action]; Paul Robeson Houses Assoc., L.P. v Harris, 55 Misc 3d 144[A], *1-2 [App Term, 1st Dept 2017]).
Respondent's reliance upon RP Wimbledon Owner, LLC v Chisholm is unavailing. There, the court found that the GCEL notice and allegations of nonpayment in the petition did not satisfy RPAPL § 741(4) where the May 2024 termination notice stated only that respondent "failed to pay rent due and owing" and the petition alleged only that "Respondent is liable to Petitioner for rent in the amount of 28,350.00 through August 31, 2024." (RP Wimbledon Owner, LLC v Chisholm, 231 NYS3d 372, *1, *3-4 [Civ Ct, New York County 2025]).
In RP Wimbledon, petitioner's alleged good cause for nonpayment of rent was deficient where neither the predicate notice nor the petition included a good faith amount and the particular period for which rent was owed (see id. at *2) and the petition included only a lump sum, "without a basic articulation of the specific payments that were missed or the periods of time in which the arrears accrued." (see id. at *4)
Here, on the contrary, petitioner provides the monthly amount of rent/use and occupancy, $1,550.00, the period for which such rent/use and occupancy has accrued, May 2023 through June 2024, and the total amount owed for that time period, $23,250.00. (see NYSCEF Doc. Nos. [*7]1 & 21). As such, petitioner here has stated sufficient good cause for termination of tenancy for non-payment of rent and has stated a cause of action for same.

CONCLUSION
Based on all the foregoing, respondent's motion to amend the answer is granted to the extent discussed herein, petitioner's cross-motion to amend the petition is granted in its entirety, respondent's motion for discovery as to GCEL is denied as moot, and respondent's motion to dismiss is granted to the extent that petitioner may not maintain a proceeding based upon nuisance or illegal sublet but denied as to the cause of action for nonpayment of rent, which petitioner has sufficiently alleged.
The proceeding is adjourned to July 7, 2025 at 9:30 am for settlement or for transfer to Part X for trial.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
SO ORDERED
Dated: June 4, 2025
Brooklyn, New York
SO ORDERED,
HON. MADALINA DANESCU 
Judge, Housing Part

Footnotes

Footnote 1:The court notes that any argument for failure to plead GCEL in the termination notice is without merit as the notice was served months prior to the enactment of GCEL. (see TD Equities, Inc. v Cribbs, 2025 NY Slip Op 50775[U], *3 [Civ Ct, Queens County 2025]). As such, the court only addresses failure to plead GCEL in the petition, and amendment of the petition to include same.

Footnote 2:Notably, the court in TD Equities did not address the issue of amendment of the petition, as no such motion was made by petitioner. (see TD Equities, Inc. v Cribbs, 2025 NY Slip Op 50775[U] at *5, n 4).