Westchester Capital Co., LLC v Richardson (2025 NY Slip Op 50917(U))

[*1]

Westchester Capital Co., LLC v Richardson

2025 NY Slip Op 50917(U)

Decided on June 5, 2025

Civil Court Of The City Of New York, Kings County

Danescu, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2025
Civil Court of the City of New York, Kings County

Westchester Capital Company, LLC, Petitioner,

against
Gregory Richardson et al., Respondents.

Index No. 321405-24

Horing, Welikson Rosen & Digrugilliers, P.C.
11 Hillside Avenue 
Williston Park, New York 11596
Attorneys for Petitioner 
Brooklyn Legal Services 
105 Court Street 
4th Floor
Brooklyn, New York 11201
Attorneys for Respondent 

Madalina Danescu, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Notice of Motion with Affirmations in Support
[With Exhibits A-F] [NYSCEF Doc. Nos. 11-19] 1
Notice of Cross-Motion with Affirmations in Support
[With Exhibits A-C] [NYSCEF Doc. Nos. 20-27] 2
Affirmation in Reply to Motion and in Opposition to Cross-Motion
[With Exhibit G] [NYSCEF Doc. Nos. 28-29] 3
After argument held on May 21, 2025, and upon the foregoing cited papers, the decision and order on these motions is as follows:
 FACTUAL & PROCEDURAL HISTORY
This summary holdover proceeding was commenced by Westchester Capital Company, LLC ("petitioner") against Gregory Richardson ("respondent"). Petitioner seeks possession of 285 East 35th St., Apt. 7L, Brooklyn, NY 11203 (the "subject premises" or "apartment").
Petitioner's 90-day termination notice is dated March 18, 2024, expires on June 30, 2024, and states that petitioner elects to terminate respondent's month to month tenancy due to the fact that respondent has "a poor history of making rent payments on time. (see NYSCEF Doc. No. 3).
On April 20, 2024, after the termination notice but prior to commencement of this proceeding, the Good Cause Eviction Law (GCEL) went into effect. In properties where GCEL applies, the law restricts the removal of protected tenants as of the effective date. (see L 2024, ch 56, part HH §§ 1; Queens St. Albans Holdings, LLC v Sands, 85 Misc 3d 275, 276 [Civ Ct, Queens County 2024]).
The proceeding was commenced on July 17, 2024 by notice of petition and petition dated July 11, 2024. The petition states the premises are not subject to rent regulation as they are a cooperative apartment ("co-op"), that petitioner is the proprietary lessee and respondent is its sublessee. Further, the petition alleges, albeit inartfully, that the premises are exempt from GCEL by virtue of being a co-op, but that in any case, good cause exists "due to the fact that the tenant has failed to pay rent timely, and that rent is not due to an unreasonable rent increase."[FN1]
(see NYSCEF Doc. No. 1).
Respondent retained counsel and interposed an answer alleging vitiation of the predicate notice by acceptance of rent during the window period, breach of warranty of habitability. It also seeks an order to correct and attorneys' fees. (see NYSCEF Doc. No. 9).
Shortly thereafter, respondent interposed the instant motion to dismiss pursuant to CPLR § 3211 (a)(7), alleging failure to state a cause of action as respondent is protected by the Martin Act, and summary judgment pursuant to CPLR § 3212(b), alleging vitiation of the predicate termination by acceptance of rent during the window period between the expiration of the termination notice and commencement of this proceeding.
Respondent alleges that he is a non-purchasing tenant under GBL § 352-eeee as he rented the premises from the petitioner, the sponsor of the non-eviction conversion plan. According to respondent, non-purchasing tenant status applies to any individual who rents from the sponsor, whether the individual was residing in the unit at the time of the conversion or subsequently. (see Paikoff v Harris, 185 Misc 2d 372, 376-378 [App Term, 2d Dept 1999]). Because respondent is a non-purchasing tenant, he cannot be evicted without good cause. As petitioner failed to allege good cause, it cannot maintain its cause of action against respondent.
As to vitiation, respondent argues that he is entitled to summary judgment dismissing this proceeding as petitioner accepted several FHEPS and HRA payments during the window period, thereby reinstating the tenancy.
Petitioner, in response, cross-moves to amend the petition to include respondent's status as a non-purchasing tenant under the Martin Act and to allege grounds to maintain this proceeding under the Martin Act for "not timely paying rent." (see NYSCEF Doc. No. 26).
Petitioner opposes the vitiation argument alleging that it only received three HRA shelter payments of $107.50 each, but those payments were returned prior to service of the petition. 
In reply, respondent alleges that the alleged good cause of "not timely paying rent" does not equate to a proper cause of action for non-payment of rent and the alleged amendment is insufficient as it does not set forth sufficient factual allegations as required by RPAPL § 741(4).
As to vitiation, respondent argues that petitioner retained several FHEPS checks, HRA shelter payments, and cashed them once the proceeding was commenced and that retention of checks alone is sufficient to vitiate the termination notice.

DISCUSSION 
MOTION TO DISMISS & CROSS-MOTION TO AMEND
A. Standard on a CPLR § 3211 Motion to Dismiss
When considering a motion under CPLR § 3211, the court must afford the pleadings a liberal construction, must deem the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In assessing a motion under CPLR § 3211(a)(7), the criterion is whether the petitioner has stated a cause of action, not whether petitioner actually has one. (see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 887 [2013]; Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]).
Thus, "a motion to dismiss made pursuant to CPLR § 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law." (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2nd Dept 2006]; see also Leon v Martinez, 84 NY2d at 87-88; Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d at 887; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]).
The court must not consider whether the petitioner will be able to ultimately prove the allegations made in the pleadings. (see Howard Stores Corp. v Pope, 1 NY2d 110, 114 [1956]; Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 964-965 [2nd Dept 2019]). "On a motion made pursuant to CPLR § 3211(a)(7) the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party." (Sokol v Leader, 74 AD3d 1180, 1181 [2nd Dept 2010] [emphasis added]).
For a pleading to be dismissed for failure to state a cause of action, there can be no legally cognizable theory that could be inferred from the pleading and if the pleading, construed liberally, states in some recognizable form a known cause of action, a motion to dismiss must fail. (see Howard Stores Corp. v. Pope, 1 NY2d at 114; Union Brokerage, Inc. v Dover Ins. Co., 97 AD2d 732, 733 [1st Dept 1983]; Quinones v Schaap, 91 AD3d 739, 740 [2d Dept 2012]).
B. Standard on a Motion to Amend Pleadings
CPLR 3025(b) provides that leave to amend a pleading shall be freely given upon such terms as may be just, and amendment can be at any time, especially where there is not significant prejudice to the opposing party. (Norwood v City of New York, 203 AD2d 147, 148-149 [1st Dept 1994] (National Union Fire Ins. Co. v Schwartz, 209 AD2d 289, 290 [1st Dept 1994]; Vidal v Claremont 99 Wall, LLC, 124 AD3d 767, 767-768 [2d Dept 2015]; Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1147 [2d Dept 2019] ["Permission to amend a pleading should be 'freely given' . . . where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that the amendment would prejudice or surprise the opposing party."] [internal citations omitted]; Edenwald Contracting Co., Inc. v. City of New York, 60 NY2d 957, 959 [1983] ["Permission to amend pleadings should be 'freely given'," absent prejudice or surprise resulting directly from the delay]).
C. Failure to Plead Martin Act in Regulatory Paragraph of Petition
A petition that commences a summary proceeding is required to state the facts upon which the proceeding is based. (see RPAPL § 741(4)). The tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is based. (see Giannini v Stuart, 6 AD2d 418, 178 NYS2d 709 [1st Dept 1958]). To be entitled to relief in a summary proceeding, it is necessary that a landlord "plead rent regulatory status and compliance with the appropriate statutes and codes... and actually be in compliance therewith." (Villas of Forest Hills Co. v Lumberger, 128 AD2d 701, 702 [2d Dept 1987]).
Not every defect in pleading the regulatory status requires dismissal, and some may be amendable. (see 17th Holding LLC v Rivera, 195 Misc 2d 531, 532 [App Term, 2d Dept 2002] [finding that failure to plead rent stabilization does not require dismissal, and is amendable absence prejudice]; Coalition Houses L.P. v Bonano, 12 Misc 3d 146[A], *1 [App Term, 1st Dept 2006]; see generally Paikoff v Harris, 185 Misc 2d at 376 ["it is permissible to amend the pleadings in summary proceedings even with respect to misstatements of the rent-regulated status of the tenancy"]; Hernco, LLC v Hernandez, 46 Misc 3d 137[A], *3 [App Term. 2d Dept 2015] ["While the petition failed to accurately plead the tenancy's status and the nature of the leasehold," such defects were waivable as they did not implicate the court's jurisdiction] [internal quotations and citations omitted]).
However, a petition must plead whether a tenancy is subject to a specific form of regulation as it may provide the tenant with certain potential rights and defenses. (see Volunteers of Am.-Greater New York, Inc. v Almonte, 65 AD3d 1155, 1157 [2d Dept 2009] [failure to plead contract with Department of Homeless Services required dismissal]; Park Props. Assoc., L.P. v Williams, 38 Misc 3d 35, 36 [App Term, 2d Dept 2012] ["Where a tenancy is subject to a specific type of regulation, the petition must set forth the tenant's regulatory status, because this status may determine the scope of the tenant's rights."]; Joseph M. d'Assern Hous. Corp. v Day, 24 Misc 3d 132[A], *1 [App Term, 2d Dept 2009] [failure to plead that tenancy was subject to Mitchell-Lama regulations required dismissal]).
While this sort of pleading defect does not implicate the court's jurisdiction and may be waived (see 1068 Gerard Partnership L.P. v Laroche, 76 Misc 3d 1227[A], 2022 NY Slip Op 51062[U], *3 [Civ Ct, Bronx County 2022]; 433 W. Assoc. v Murdock, 276 AD2d 360, 360-361 [1st Dept 2000]), there has been no such waiver here. Respondent promptly moved for dismissal on this ground after retaining counsel.
Here, the parties agree that respondent is a non-purchasing tenant protected under the Martin Act, despite the failure to plead this in the initial petition. (see Paikoff v Harris, 185 Misc 2d at 376-378; Geiser v Maran, 189 Misc 2d 442, 445 [App Term, 2d Dept 2001]; Kew Gardens Hills Apt. Assoc. v Jeffers, 2003 NY Slip Op 51132[U], *3 [App Term, 2d Dept 2003]).
In light of the foregoing, the court finds petitioner's failure to plead that respondent is a non-purchasing tenant who is protected under the Martin Act requires dismissal of the instant proceeding. This is in line with appellate caselaw in the Second Department, which holds that failure to plead non-purchasing tenant status in the petition is a non-amendable defect warranting dismissal. (see Kew Gardens Hills Apt. Assoc. v Jeffers, 2003 NY Slip Op 51132[U] at *3; Aero Mgt. v Moghadasian, 74 Misc 3d 132[A], *2 [App Term, 2d Dept 2022]).
Petitioner's description of the regulatory status as merely "not subject to rent control" because it is a co-op significantly understates the potential regulations applicable to the tenancy and fails to put respondent and the court on notice that the premises and the tenancy are subject to protections under the Martin Act, including a requirement to state a proper ground for eviction [*2]pursuant to GBL §352eeee(2)(c)(ii). (see Westchester Gardens L.P. v Lanclos, 43 Misc 3d 681, 687 [Civ Ct, Bronx County 2014] ["the insufficient petition caused prejudice to tenant who could not know the regulatory thicket involved with her tenancy or the availability of defenses"]; State Realty, LLC v Cotto, 2023 NYLJ LEXIS 3490, *3 [Civ Ct, Kings County 2023] ["Among the protections of the Martin Act is the prohibition on eviction except for one of the reasons listed in GBL §352eeee(2)(c)(ii) . . . "]).
As such, respondent's motion to dismiss is granted and petitioner's cross-motion to amend is denied.
D. Failure to State Grounds for Eviction Under GBL §352eeee(2)(c)(ii)
The court further notes that, even if petitioner were allowed to amend the petition, the requirement to state a ground for eviction would still require dismissal as neither the predicate notice nor petition state a proper ground for non-payment of rent.
It is black-letter law that a defective predicate notice cannot be amended and requires dismissal. (see Chinatown Apts v Chu Cho Lam, 51 NY2d 786, 788 [1980]; Boatswain v Willis, 85 Misc 3d 137[A], *2 [App Term, 2d Dept 2025]; Singh v Ramirez, 20 Misc 3d 142[A], *1-2 [App Term, 2d Dept 2008]; 1714 Linden LLC v Ishak, 2025 NY Misc. LEXIS 1994, at *4 [Civ Ct, Queens County 2025]).
In determining whether a predicate notice is adequate, the standard is one of "reasonableness in view of all attendant circumstances." (Hughes v Lenox Hill Hospital, 226 AD2d 4, 17 [1st Dept 1996]; 323 3rd St. LLC v Ortiz, 13 Misc 3d 141[A], *2 [App Term, 2d Dept 2006]; Ocean Five Two Two Assocs. v. Theodore, 2018 NYLJ LEXIS 4018, *4-5 [Civ Ct, Kings County 2018]).
Furthermore, "[a] holdover proceeding will not lie absent a proper predicate notice. Predicate notices 'must be clear, unambiguous, and unequivocal in order to serve as the catalyst which terminates a leasehold.'" (Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238, 238 [1st Dept 1990]; Lehtonen v Dellaquila, 67 Misc 3d 139[A], *2 [App Term, 2d Dept 2020]; SAAB Enters. v Bell, 198 AD2d 342, 343 [2d Dept 1993]).
Facts in the predicate notices must also be pleaded with sufficient specificity (see London Terrace Gardens, L.P. v Heller, 40 Misc 3d 135(A), *2, 975 NYS2d 710 [App Term, 1st Dept 2009]; Lexington Ave. LP v Clement, 2024 NY Slip Op 50987[U], *4 [Civ Ct, Kings County 2024]) in order to provide notice of what petitioner intends to rely upon and allow respondent to frame a defense. (see Jewish Theol. Seminary of Am. v Fitzer, 258 AD2d 337, 338 [1st Dept 1999]). "While this standard was originally articulated in the context of rent-regulated tenancies, courts have applied it broadly to include those circumstances where cause is required under contract provisions . . . federal due process protections . . . and other statutory provisions." (see RP Wimbledon Owner, LLC v Chisholm, 231 NYS3d 372, *2 [Civ Ct, New York C2025] [internal citations omitted]).
Here, the predicate notice is deficient as matter of law and no amendment to the petition can correct this deficiency. There is no dispute that respondent' tenancy is protected under the Martin Act, and therefore termination of the tenancy must be supported by a ground under GBL §352eeee(2)(c)(ii), which includes nonpayment of rent.
However, the predicate notice does not plead the status of respondent's tenancy as subject to the Martin Act, and does not reference the relevant statute pursuant to which petitioner seeks to terminate respondent's tenancy. As a run of the mill "no-grounds" or "no-fault" holdover is [*3]unavailable here, petitioner must allege the statutory provisions under which it seeks recovery, and allege sufficient facts in support. (see State Realty, LLC v Cotto, 2023 NYLJ LEXIS 3490, at *3-4 "a termination notice [must] include facts to demonstrate that that termination is justified by the lease, laws, or regulations."]). Failure to state to a legal basis renders the notice defective. (see RP Wimbledon Owner, LLC v Chisholm, 231 NYS3d 372 at *2).
The predicate notice also does not contain sufficient factual allegations as to give notice of what petitioner was intending to prove so that respondent could frame a defense. The sole claim that respondent has "a poor history of making payments on time" is patently insufficient.
The reasoning in RP Wimbledon Owner, LLC v Chisholm is applicable to the circumstances here. There, the court found that the predicate notice did not state sufficient good cause under Good Cause Eviction Law ("GCEL") where the termination notice stated only that respondent "failed to pay rent due and owing." (RP Wimbledon Owner, LLC v Chisholm, 231 NYS3d 372 at *1, *3-4).
While the court in RP Wimbledon discussed failure to state good cause under GCEL, the reasoning applies here, where petitioner also has to state a ground (or "good cause") for eviction under a particular statute, here GBL §352-eeee(2)(c)(ii).
In RP Wimbledon, petitioner's alleged good cause for nonpayment of rent was deficient where neither the predicate notice nor the petition included a good faith amount and the particular period for which rent was owed (see id. at *2) and the petition included only a lump sum, "without a basic articulation of the specific payments that were missed or the periods of time in which the arrears accrued." (see id. at *4)
Here, petitioner includes even less detail. There is no allegation of actual nonpayment, just a "poor history" of on-time payments. Further, petitioner does not include even a lump sum of alleged arrears owed, much less the monthly amount of rent/use and occupancy and the period for which such rent/use and occupancy has accrued. (see NYSCEF Doc. No. 3).
Under these circumstances, the predicate notice is deficient and requires dismissal on this additional ground.
MOTION FOR SUMMARY JUDGMENT
As the proceeding is dismissed for defective petition and predicate notice, the portion of respondent's motion seeking summary judgment on his claim that petitioner vitiate the termination notice by acceptance of rent during the window period is denied as moot. However, the court would be loath to find that respondent is entitled to judgment as a matter of law under the circumstances here.
While respondent alleges several substantial payments were accepted and held by petitioner during the window period, petitioner admits to only receiving 3 shelter payments (which petitioner alleges were returned and not cashed). Moreover, the copies of the checks that respondent submits show that the substantial payments were not cashed by petitioner until almost a month after this proceeding commenced.
If the court were to reach this issue, respondent would have to prove, at minimum, that petitioner received and held on to these substantial payments during the window period.

CONCLUSION
Based on the foregoing, it is hereby, Ordered, that respondent's motion to dismiss is granted, petitioner's cross-motion to amend is denied, and respondent's summary judgment motion is denied as moot. A judgment dismissing this proceeding is entered in favor of respondent. 
This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: June 5, 2025
Brooklyn, New York
SO ORDERED,
HON. MADALINA DANESCU 
Judge, Housing Part

Footnotes

Footnote 1:The court notes that co-ops are exempt from GCEL whereas failure to pay rent is not an exemption, but a good cause basis in GCEL covered premises. The court assumes that petitioner, in alleging an "exemption" based upon both the co-op status of the apartment and "failure to pay rent timely" intended the former to be an exemption but the latter to serve, in the alternative, as good cause if GCEL were applicable.